## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| KONINKLIJKE PHILIPS N.V., | |
| Plaintiff, | |
| v. | C.A. No. 20-cv-1707-CFC |
| QUECTEL WIRELESS SOLUTIONS CO. LTD., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## QUECTEL'S ANSWER,
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Quectel Wireless Solutions Co. Ltd. ("Quectel" or "Defendant") files this Answer to Plaintiff Koninklijke Philips N.V. ("Plaintiff" or "Philips") Complaint.  As set forth below, Quectel denies that Philips's Complaint has merit. Instead, Philips has asserted patents that are invalid and/or not infringed.  Worse, Philips failed to meet its contractual obligations to offer FRAND terms to Quectel for these patents that Philips alleges are standard essential.  In the end, Philips's Complaint shows that Philips is little more than a patent assertion entity whose primary business is to coerce royalties from more innovative and productive companies.

1.      Quectel lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, denies them.

2.      Quectel admits that it is a corporation organized under the laws of China, with its office located at Building 5, Shanghai Business Park Phase III (Area B), No. 1016 Tianlin Road, Minhang District, Shanghai 200233, China.

3.      Quectel denies the allegations in Paragraph 3 of the Complaint.

4.      Quectel denies the allegations in Paragraph 4 of the Complaint.

5.      Quectel lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of the Complaint and, therefore, denies them.

6.      Quectel lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, denies them.

7.      Quectel lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint and, therefore, denies them.

8.      Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint and, therefore, denies them.

9.      Quectel lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of the Complaint and, therefore, denies them.

10.     Quectel lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 10 of the Complaint and, therefore, denies them.

11.     Quectel lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint and, therefore, denies them.

12.     Quectel denies that Philips has offered Quectel a license on fair, reasonable and non-discriminatory ("FRAND") terms.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint and, therefore, denies them.

13.     Quectel denies that Philips has offered Quectel a license on FRAND terms.  Quectel also denies that Quectel refuses to enter into a license offering per-patent FRAND terms for standard essential patents.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint and, therefore, denies them.

14.     Quectel denies that the devices allegedly claimed in the Asserted Patents "have proved to be of great importance to the field of digital cellular

communications including 3G UMTS and/or 4G LTE cellular standards established by ETSI and 3GPP."  Quectel denies that the Asserted Patents "are fundamental technology to the manufacture and sale of cellular communication modules and related internet of things ("IoT") devices."  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint and, therefore, denies them.

## JURISDICTION AND VENUE

15.     Quectel denies that it infringes or has infringed any of Philips's alleged patent rights.  Quectel further admits that this Court has subject matter jurisdiction over actions for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Except as expressly admitted, Quectel denies any and all remaining allegations in Paragraph 15.

16.     To the extent Paragraph 16 of the Complaint contains legal conclusions, no answer is required.  To the extent an answer is required, Quectel does not contest this Court's personal jurisdiction over Quectel Wireless Solutions Co. Ltd. for the limited purposes of this action only.  Quectel denies that it has committed acts of patent infringement, including in Delaware.  Except as expressly admitted and to the extent that a response is required, Quectel denies any and all remaining allegations and characterizations in Paragraph 16.

17.     To the extent Paragraph 17 of the Complaint contains legal conclusions, no answer is required.  To the extent an answer is required, Quectel does not contest this Court's personal jurisdiction over Quectel Wireless Solutions Co. Ltd. for the limited purposes of this action only.  Quectel denies that it has committed acts of patent infringement, including in Delaware.  Except as expressly admitted and to the extent that a response is required, Quectel denies any and all remaining allegations and characterizations in Paragraph 17.

18.     Quectel admits that it is a corporation organized under the laws of China.  To the extent Paragraph 18 of the Complaint contains legal conclusions, no answer is required.  Quectel denies that it has committed acts of patent infringement, including in Delaware.  Except as expressly admitted and to the extent that a response is required, Quectel denies any and all remaining allegations and characterizations in Paragraph 18.

## THE ASSERTED PATENTS

19.     Quectel admits that the patents listed in Paragraph 19 of the Complaint are involved in this action.  Quectel denies that it has committed acts of patent infringement.

## QUECTEL'S [ALLEGED] KNOWLEDGE OF THE ASSERTED PATENTS

20.     Quectel denies that Philips has offered Quectel a license to FRAND terms, including failing to offer FRAND terms to each asserted patent.  Quectel denies any and all remaining allegations and characterizations in Paragraph 20.

21.     Quectel denies the allegations of Paragraph 21 of the Complaint.

22.     Quectel denies the allegations of Paragraph 22 of the Complaint.

## The Accused Products

23.      Quectel denies any allegation in Paragraph 23 of the Complaint that it has acted unlawfully.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 23 of the Complaint.

24.     Quectel admits that it manufactures and offers for sale wireless communication modules.  Quectel denies that any of its products infringe Philips's alleged patent rights.  Quectel denies any allegation in Paragraph 24 of the Complaint that it has acted unlawfully.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 24 of the Complaint.

25.     The photographs purport to be of Quectel's EG25-G module.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 25 of the Complaint and, therefore, denies them.

26.     Quectel admits that it has sought and obtained certification of certain of its wireless communications modules from certain telecommunication carriers for use on certain U.S. cellular networks.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 26 of the Complaint and, therefore, denies them.

## The '577 Patent

27.     Quectel admits that the title of the '577 patent is "Radio Communication System with Plural Paths from a Primary Station with Plural Antennas to a Secondary Station," and the face of the patent cites to a patent application filed on April 23, 2002.  Quectel admits that Exhibit A appears to be a copy of the '577 patent.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 27 of the Complaint and, therefore, denies them.

28.     Quectel admits that the quoted text appears to be from the '577 patent.  Quectel denies any and all remaining allegations and characterizations in Paragraph 28 of the Complaint.

29.     Quectel admits that the quoted text appears to be from the '577 patent.  Quectel denies any and all remaining allegations and characterizations in Paragraph 29 of the Complaint.

30.     Quectel admits that the quoted text appears to be from the '577 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 30 of the Complaint.

31.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 31 of the Complaint and, therefore, denies them.

32.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 32 of the Complaint and, therefore, denies them.

33.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 33 of the Complaint and, therefore, denies them.

34.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 34 of the Complaint and, therefore, denies them.

35.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 35 of the Complaint and, therefore, denies them.

## The '599 Patent

36.     Quectel admits that the title of the '599 patent is "System, Method, and Devices for Multi-Path Communication," and the face of the patent cites to a continuation application of a patent application that was filed on April 23, 2002. Quectel admits that Exhibit B appears to be a copy of the '599 patent.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 36 of the Complaint and, therefore, denies them.

37.     Quectel admits that the quoted text appears to be from the '599 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 37 of the Complaint.

38.     Quectel admits that the quoted text appears to be from the '599 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 38 of the Complaint.

39.     Quectel admits that the quoted text appears to be from the '599 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 39 of the Complaint.

40.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 40 of the Complaint and, therefore, denies them.

41.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 41 of the Complaint and, therefore, denies them.

42.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 42 of the Complaint and, therefore, denies them.

43.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 43 of the Complaint and, therefore, denies them.

44.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 44 of the Complaint and, therefore, denies them.

## The '028 Patent

45.     Quectel admits that the title of the '028 patent is "Radio Communication System," and the face of the patent cites to a patent application filed on January 6, 2000.  Quectel admits that Exhibit C appears to be a copy of the '028 patent.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 45 of the Complaint and, therefore, denies them.

46.     Quectel admits that the quoted text appears to be from the '028 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 46 of the Complaint.

47.     Quectel admits that the quoted text appears to be from the '028 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 47 of the Complaint.

48.     Quectel admits that the quoted text appears to be from the '028 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 48 of the Complaint.

49.     Quectel admits that the quoted text appears to be from the '028 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 49 of the Complaint.

50.     Quectel admits that the quoted text appears to be from the '028 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 50 of the Complaint.

51.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 51 of the Complaint and, therefore, denies them.

52.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 52 of the Complaint and, therefore, denies them.

53.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 53 of the Complaint and, therefore, denies them.

54.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 54 of the Complaint and, therefore, denies them.

55.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 55 of the Complaint and, therefore, denies them.

## The '216 Patent

56.     Quectel admits that the title of the '216 patent is "Radio Communication System," and the face of the patent cites to a continuation application of a patent application filed on January 6, 2000.  Quectel admits that Exhibit D appears to be a copy of the '216 patent.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 56 of the Complaint and, therefore, denies them.

57.     Quectel admits that the quoted text appears to be from the '216 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 57 of the Complaint.

58.     Quectel admits that the quoted text appears to be from the '216 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 58 of the Complaint.

59.     Quectel admits that the quoted text appears to be from the '216 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 59 of the Complaint.

60.     Quectel admits that the quoted text appears to be from the '216 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 60 of the Complaint.

61.     Quectel admits that the quoted text appears to be from the '216 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 61 of the Complaint.

62.     Quectel admits that the quoted text appears to be from the '216 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 62 of the Complaint.

63.    Quectel admits that the quoted text appears to be from the '216 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 63 of the Complaint.

64.    Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 64 of the Complaint and, therefore, denies them.

65.    Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 65 of the Complaint and, therefore, denies them.

66.    Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 66 of the Complaint and, therefore, denies them.

67.    Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 67 of the Complaint and, therefore, denies them.

68.    Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 68 of the Complaint and, therefore, denies them.

**The '929 Patent**

69.     Quectel admits that the title of the '929 patent is "Communication System," and the face of the patent cites to a foreign patent application filed on May 3, 2003.  Quectel admits that Exhibit E appears to be a copy of the '929 patent.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 69 of the Complaint and, therefore, denies them.

70.     Quectel admits that the quoted text appears to be from the '929 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 70 of the Complaint.

71.     Quectel admits that the quoted text appears to be from the '929 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 71 of the Complaint.

72.     Quectel admits that the quoted text appears to be from the '929 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 72 of the Complaint.

73.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 73 of the Complaint and, therefore, denies them.

74.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 74 of the Complaint and, therefore, denies them.

75.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 75 of the Complaint and, therefore, denies them.

76.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 76 of the Complaint and, therefore, denies them.

77.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 77 of the Complaint and, therefore, denies them.

## **The '814 Patent**

78.     Quectel admits that the title of the '814 patent is "Addressing Available Resources for HSDPA Accesses." and the face of the patent cites to a patent application filed on December 6, 2007.  Quectel admits that Exhibit F appears to be a copy of the '814 patent.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 78 of the Complaint and, therefore, denies them.

79.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 79 of the Complaint and, therefore, denies them.

80.     Quectel admits that the quoted text appears to be from the '814 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 80 of the Complaint.

81.     Quectel admits that the quoted text appears to be from the '814 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 81 of the Complaint.

82.     Quectel admits that the quoted text appears to be from the '814 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 82 of the Complaint.

83.     Quectel admits that the quoted text appears to be from the '814 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 83 of the Complaint.

84.     Quectel admits that the quoted text appears to be from the '814 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 84 of the Complaint.

85.     Quectel admits that the quoted text appears to be from the '814 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 85 of the Complaint.

86.     Quectel admits that the quoted text appears to be from the '814 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 86 of the Complaint.

87.     Quectel admits that the quoted text appears to be from the '814 patent. Quectel denies any and all remaining allegations and characterizations in Paragraph 87 of the Complaint.

88.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 88 of the Complaint and, therefore, denies them.

89.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 89 of the Complaint and, therefore, denies them.

90.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 90 of the Complaint and, therefore, denies them.

91.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 91 of the Complaint and, therefore, denies them.

92.     Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 92 of the Complaint and, therefore, denies them.

## Count I
## [Alleged] Infringement of U.S. Patent No. 9,178,577

93.     Quectel repeats and incorporates its Answers to Paragraphs 1-92.

94.     Quectel denies that the '577 patent is valid and enforceable.

95.     Quectel denies any allegation in Paragraph 95 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 95 of the Complaint and, therefore, denies them.

96.     Quectel denies any allegation in Paragraph 96 of the Complaint that it has acted unlawfully.  Quectel admits that it provides certain documentation related to its wireless communication modules.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 96 of the Complaint and, therefore, denies them.

97.     Quectel denies any allegation in Paragraph 97 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit

or deny the remaining allegations and characterizations contained in Paragraph 97 of the Complaint and, therefore, denies them.

98.    Quectel denies any allegation in Paragraph 98 of the Complaint that it has acted unlawfully.  To the extent Paragraph 98 of the Complaint contains legal conclusions, no answer is required.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 98 of the Complaint.

99.    To the extent Paragraph 99 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 99 of the Complaint and, therefore, denies them.

100.   To the extent Paragraph 100 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 100 of the Complaint and, therefore, denies them.

101.   To the extent Paragraph 101 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 101 of the Complaint and, therefore, denies them.

102.   To the extent Paragraph 102 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or

information to admit or deny the remaining allegations and characterizations contained in Paragraph 102 of the Complaint and, therefore, denies them.

103.   To the extent Paragraph 103 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 103 of the Complaint and, therefore, denies them.

104.   To the extent Paragraph 104 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 104 of the Complaint and, therefore, denies them.

105.   To the extent Paragraph 105 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 105 of the Complaint and, therefore, denies them.

106.   To the extent Paragraph 106 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 106 of the Complaint and, therefore, denies them.

107.   To the extent Paragraph 107 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or

information to admit or deny the remaining allegations and characterizations contained in Paragraph 107 of the Complaint and, therefore, denies them.

108.   Quectel denies any allegation in Paragraph 108 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 108 of the Complaint and, therefore, denies them.

109.   To the extent Paragraph 109 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 109 of the Complaint and, therefore, denies them.

110.   To the extent Paragraph 110 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 110 of the Complaint and, therefore, denies them.

111.   To the extent Paragraph 111 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 111 of the Complaint and, therefore, denies them.

112.   To the extent Paragraph 112 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or

information to admit or deny the remaining allegations and characterizations contained in Paragraph 112 of the Complaint and, therefore, denies them.

113.   Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 113 of the Complaint and, therefore, denies them.

114.   To the extent Paragraph 114 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 114 of the Complaint and, therefore, denies them.

115.   Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 115 of the Complaint and, therefore, denies them.

116.   Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 116 of the Complaint and, therefore, denies them.

117.   Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 117 of the Complaint and, therefore, denies them.

118.   Quectel lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 118 of the Complaint and, therefore, denies them.

119.   To the extent Paragraph 119 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 119 of the Complaint and, therefore, denies them.

**Count II**
**[Alleged] Infringement of U.S. Patent No. 9,635,599**

120.   Quectel repeats and incorporates its Answers to Paragraphs 1-119.

121.   Quectel denies that the '599 patent is valid and enforceable.

122.   Quectel denies any allegation in Paragraph 122 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 122 of the Complaint and, therefore, denies them.

123.   Quectel denies any allegation in Paragraph 123 of the Complaint that it has acted unlawfully.  Quectel admits that it provides certain documentation related to its wireless communication modules.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 123 of the Complaint and, therefore, denies them.

124.   Quectel denies any allegation in Paragraph 124 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 124 of the Complaint and, therefore, denies them.

125.   Quectel denies any allegation in Paragraph 125 of the Complaint that it has acted unlawfully.  To the extent Paragraph 125 of the Complaint contains legal conclusions, no answer is required.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 125 of the Complaint.

126.   To the extent Paragraph 126 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 126 of the Complaint and, therefore, denies them.

127.   To the extent Paragraph 127 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 127 of the Complaint and, therefore, denies them.

128.   To the extent Paragraph 128 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or

information to admit or deny the remaining allegations and characterizations contained in Paragraph 128 of the Complaint and, therefore, denies them.

129.   To the extent Paragraph 129 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 129 of the Complaint and, therefore, denies them.

130.   To the extent Paragraph 130 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 130 of the Complaint and, therefore, denies them.

131.   To the extent Paragraph 131 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 131 of the Complaint and, therefore, denies them.

132.   To the extent Paragraph 132 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 132 of the Complaint and, therefore, denies them.

133.   Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 133 of the Complaint and, therefore, denies them.

134.   To the extent Paragraph 134 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 134 of the Complaint and, therefore, denies them.

135.   Quectel denies any allegation in Paragraph 135 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 135 of the Complaint and, therefore, denies them.

136.   To the extent Paragraph 136 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 136 of the Complaint and, therefore, denies them.

137.   To the extent Paragraph 137 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 137 of the Complaint and, therefore, denies them.

138.   To the extent Paragraph 138 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 138 of the Complaint and, therefore, denies them.

139.   Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 139 of the Complaint and, therefore, denies them.

140.   To the extent Paragraph 140 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 140 of the Complaint and, therefore, denies them.

141.   Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 141 of the Complaint and, therefore, denies them.

142.   Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 142 of the Complaint and, therefore, denies them.

143.   Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 143 of the Complaint and, therefore, denies them.

144.   Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 144 of the Complaint and, therefore, denies them.

145.   To the extent Paragraph 145 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 145 of the Complaint and, therefore, denies them.

## Count III
## [Alleged] Infringement of U.S. Patent No. 7,089,028

146.   Quectel repeats and incorporates its Answers to Paragraphs 1-145.

147.   Quectel denies that the '028 patent is valid and enforceable.

148.   Quectel denies any allegation in Paragraph 148 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 148 of the Complaint and, therefore, denies them.

149.   Quectel denies any allegation in Paragraph 149 of the Complaint that it has acted unlawfully.  Quectel admits that it provides certain documentation related to its wireless communication modules.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 149 of the Complaint and, therefore, denies them.

150.   Quectel denies any allegation in Paragraph 150 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 150 of the Complaint and, therefore, denies them.

151.   Quectel denies any allegation in Paragraph 151 of the Complaint that it has acted unlawfully.  To the extent Paragraph 151 of the Complaint contains legal conclusions, no answer is required.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 151 of the Complaint.

152.   To the extent Paragraph 152 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 152 of the Complaint and, therefore, denies them.

153.   To the extent Paragraph 153 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 153 of the Complaint and, therefore, denies them.

154.   To the extent Paragraph 154 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or

information to admit or deny the remaining allegations and characterizations contained in Paragraph 154 of the Complaint and, therefore, denies them.

155.   To the extent Paragraph 155 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 155 of the Complaint and, therefore, denies them.

156.   To the extent Paragraph 156 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 156 of the Complaint and, therefore, denies them.

157.   To the extent Paragraph 157 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 157 of the Complaint and, therefore, denies them.

158.   Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 158 of the Complaint and, therefore, denies them.

159.   To the extent Paragraph 159 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or

information to admit or deny the remaining allegations and characterizations contained in Paragraph 159 of the Complaint and, therefore, denies them.

160.   Quectel denies any allegation in Paragraph 160 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 160 of the Complaint and, therefore, denies them.

161.   To the extent Paragraph 161 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 161 of the Complaint and, therefore, denies them.

162.   To the extent Paragraph 162 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 162 of the Complaint and, therefore, denies them.

## Count IV
## [Alleged] Infringement of U.S. Patent No. 8,195,216

163.   Quectel repeats and incorporates its Answers to Paragraphs 1-162.

164.   Quectel denies that the '216 patent is valid and enforceable.

165.   Quectel denies any allegation in Paragraph 165 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to

admit or deny the remaining allegations and characterizations contained in Paragraph 165 of the Complaint and, therefore, denies them.

166.   Quectel denies any allegation in Paragraph 166 of the Complaint that it has acted unlawfully.  Quectel admits that it provides certain documentation related to its wireless communication modules.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 166 of the Complaint and, therefore, denies them.

167.   Quectel denies any allegation in Paragraph 167 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 167 of the Complaint and, therefore, denies them.

168.   Quectel denies any allegation in Paragraph 168 of the Complaint that it has acted unlawfully.  To the extent Paragraph 168 of the Complaint contains legal conclusions, no answer is required.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 168 of the Complaint.

169.   To the extent Paragraph 169 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 169 of the Complaint and, therefore, denies them.

170.   To the extent Paragraph 170 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 170 of the Complaint and, therefore, denies them.

171.   To the extent Paragraph 171 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 171 of the Complaint and, therefore, denies them.

172.   To the extent Paragraph 172 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 172 of the Complaint and, therefore, denies them.

173.   Quectel denies any allegation in Paragraph 173 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 173 of the Complaint and, therefore, denies them.

174.   To the extent Paragraph 174 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 174 of the Complaint and, therefore, denies them.

175.   To the extent Paragraph 175 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 175 of the Complaint and, therefore, denies them.

176.   To the extent Paragraph 176 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 176 of the Complaint and, therefore, denies them.

177.   To the extent Paragraph 177 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 177 of the Complaint and, therefore, denies them.

178.   To the extent Paragraph 178 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 178 of the Complaint and, therefore, denies them.

## Count V
## [Alleged] Infringement of U.S. Patent No. 8,134,929

179.   Quectel repeats and incorporates its Answers to Paragraphs 1-178.

180.   Quectel denies that the '929 patent is valid and enforceable.

181.   Quectel denies any allegation in Paragraph 181 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 181 of the Complaint and, therefore, denies them.

182.   Quectel denies any allegation in Paragraph 182 of the Complaint that it has acted unlawfully.  Quectel admits that it provides certain documentation related to its wireless communication modules.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 182 of the Complaint and, therefore, denies them.

183.   Quectel denies any allegation in Paragraph 183 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 183 of the Complaint and, therefore, denies them.

184.   Quectel denies any allegation in Paragraph 184 of the Complaint that it has acted unlawfully.  To the extent Paragraph 184 of the Complaint contains legal conclusions, no answer is required.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 184 of the Complaint.

185.   To the extent Paragraph 185 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or

information to admit or deny the remaining allegations and characterizations contained in Paragraph 185 of the Complaint and, therefore, denies them.

186.   To the extent Paragraph 186 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 186 of the Complaint and, therefore, denies them.

187.   To the extent Paragraph 187 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 187 of the Complaint and, therefore, denies them.

188.   To the extent Paragraph 188 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 188 of the Complaint and, therefore, denies them.

189.   To the extent Paragraph 189 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 189 of the Complaint and, therefore, denies them.

190.   To the extent Paragraph 190 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or

information to admit or deny the remaining allegations and characterizations contained in Paragraph 190 of the Complaint and, therefore, denies them.

191.   Quectel denies any allegation in Paragraph 191 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 191 of the Complaint and, therefore, denies them.

192.   To the extent Paragraph 192 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 192 of the Complaint and, therefore, denies them.

193.   To the extent Paragraph 193 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 193 of the Complaint and, therefore, denies them.

194.   To the extent Paragraph 194 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 194 of the Complaint and, therefore, denies them.

195.   To the extent Paragraph 195 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or

information to admit or deny the remaining allegations and characterizations contained in Paragraph 195 of the Complaint and, therefore, denies them.

## Count VI
## [Alleged] Infringement of U.S. Patent No. 10,257,814

196.   Quectel repeats and incorporates its Answers to Paragraphs 1-195.

197.   Quectel denies that the '814 patent is valid and enforceable.

198.   Quectel denies any allegation in Paragraph 198 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 198 of the Complaint and, therefore, denies them.

199.   Quectel denies any allegation in Paragraph 199 of the Complaint that it has acted unlawfully.  Quectel admits that it provides certain documentation related to its wireless communication modules.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 199 of the Complaint and, therefore, denies them.

200.   Quectel denies any allegation in Paragraph 200 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 200 of the Complaint and, therefore, denies them.

201.   Quectel denies any allegation in Paragraph 201 of the Complaint that it has acted unlawfully.  To the extent Paragraph 201 of the Complaint contains

legal conclusions, no answer is required.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 201 of the Complaint.

202.   To the extent Paragraph 202 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 202 of the Complaint and, therefore, denies them.

203.   To the extent Paragraph 203 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 203 of the Complaint and, therefore, denies them.

204.   To the extent Paragraph 204 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 204 of the Complaint and, therefore, denies them.

205.   To the extent Paragraph 205 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 205 of the Complaint and, therefore, denies them.

206.   To the extent Paragraph 206 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 206 of the Complaint and, therefore, denies them.

207.   Quectel denies any allegation in Paragraph 207 of the Complaint that it has acted unlawfully.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 207 of the Complaint and, therefore, denies them.

208.   To the extent Paragraph 208 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 208 of the Complaint and, therefore, denies them.

209.   To the extent Paragraph 209 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 209 of the Complaint and, therefore, denies them.

210.   To the extent Paragraph 210 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 210 of the Complaint and, therefore, denies them.

211.   To the extent Paragraph 211 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 211 of the Complaint and, therefore, denies them.

**Count VII**
**Declaratory Judgment Related to FRAND and ETSI Matter**

212.   Quectel repeats and incorporates its Answers to Paragraphs 1-211.

213.   Quectel denies that Philips has offered Quectel a license on FRAND terms.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 213 of the Complaint and, therefore, denies them.

214.   Quectel denies that Philips has offered Quectel a license on FRAND terms.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and characterizations contained in Paragraph 214 of the Complaint and, therefore, denies them.

215.   Quectel denies that Philips has offered Quectel a license on FRAND terms.  Quectel also denies that Quectel refuses to enter into a license offering per-patent FRAND terms for standard essential patents.  To the extent Paragraph 215 of the Complaint contains legal conclusions, no answer is required.  Quectel lacks sufficient knowledge or information to admit or deny the remaining allegations and

characterizations contained in Paragraph 215 of the Complaint and, therefore, denies them.

216.   Quectel denies that Philips has offered Quectel a license on FRAND terms.  Quectel also denies that it refuses to enter into a license offering per-patent FRAND terms for standard essential patents.  Quectel admits that it may raise FRAND- and ETSI-related claims.  To the extent Paragraph 216 of the Complaint contains legal conclusions, no answer is required.  To the extent that further response is required, Quectel denies any and all remaining allegations and characterizations in Paragraph 216.

217.   Quectel has offered to enter into a license with per-patent FRAND terms.  Quectel denies any and all remaining allegations and characterizations in Paragraph 217.

218.   Quectel denies any allegation in Paragraph 218 of the Complaint that it has acted unlawfully.  Quectel repeats and incorporates its Answers to Paragraphs 1-217.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 218 of the Complaint.

219.   Quectel denies any allegation in Paragraph 219 of the Complaint that it has acted unlawfully.  Quectel repeats and incorporates its Answers to Paragraphs 1-218.  To the extent a further response is required, Quectel denies the remaining allegations in Paragraph 219 of the Complaint.

## Prayer for Relief

This section of the Complaint sets forth Philips's requested relief to which no response is required.  Quectel denies that Philips is entitled to any of the relief prayed for in Paragraphs (a) through (h) on pages 52-53 of the Complaint or to any relief whatsoever.

## Jury Demand

This section of the Complaint sets forth Philips's demand for a jury trial to which no response is required.

## Affirmative Defenses

1.     Without prejudice to the denials set forth in its Answer, without admitting allegations of the Complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on Philips, Quectel asserts the following defenses to the Complaint:

## First Defense
### (Invalidity)

2.     One or more claims of the Asserted Patents are invalid or void for failure to satisfy one or more of the requirements in Part II of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

3.     For example, an *Inter Partes* Review petition has been filed by Quectel on each of the Asserted Patents.  *See* IPR2021-00558 (regarding '577 patent); IPR2021-00559 (regarding '599 patent); IPR2021-00560 (regarding '028

patent); IPR2021-00561 (regarding '929 patent); IPR2021-00562 (regarding '814 patent); and IPR2021-00563 (regarding '216 patent).

**<u>Second Defense</u>**
**(No Infringement)**

4.     Quectel does not infringe and has not infringed any valid and enforceable claim of U.S. Patent Nos. 9,178,577 ("the '577 patent"), 9,635,599 ("the '599 patent"), 7,089,028 ("the '028 patent"), 8,195,216 ("the '216 patent"), 8,134,929 ("the '929 patent") and 10,257,814 (the '814 patent") (collectively, "the Asserted Patents") under any theory (including directly, contributorily, by inducement, jointly, literally, and/or under the doctrine of equivalents).  Quectel does not induce infringement and does not contributorily infringe.

5.     Philips has not met its burden of proof to show infringement of the Asserted Patents in its Complaint and will be unable to meet its burden of proof to show infringement of the Asserted Patents.

6.     The asserted claims of the Asserted Patents are not entitled to any construction that would cover any Quectel product made, used, sold, offered for sale, or alleged to be imported into the United States.  Quectel does not infringe any of the Asserted Patents, either directly or indirectly, at least because the accused products do not meet every limitation of any of the asserted claims.

## Third Defense
### (Unenforceability)

7.     Philips's claims I-VII are barred in whole or in part by reason of estoppel, unclean hands, waiver and/or other equitable doctrines based on Philips's failure to comply with its contractual obligations and promises made to the European Telecommunications Standards Institute ("ETSI") and 3rd Generation Partnership Project ("3GPP"), as well as the members of that organization and manufacturers of products compliant with ETSI and 3GPP standards.

8.     Standards play a critical role in facilitating the development and interoperability of wireless and telecommunications technologies.  For example, product designers and manufacturers are more willing to invest heavily in the development of products or component parts because, so long as their products are compliant with the standards, those products will interoperate effectively and be compatible with other products from third parties.

9.     Most standards-setting organizations ("SSOs"), including ETSI, have adopted Intellectual Property Rights ("IPR") Policies to ensure that investment in standard-setting and standard-compliant equipment is not wasted as a result of essential IPR being unavailable or only available under unreasonable and/or discriminatory licensing terms.  These policies generally require that SSO members disclose their ownership of patents that may be essential to practice the standard and commit to licensing these patents on fair, reasonable and non-

discriminatory ("FRAND") terms.  SSO IPR Policies are designed to obtain

FRAND licensing obligations from patent owners to ensure that they will not use

their IPR to extract unreasonable license fees or to exclude any market participant

that is willing to accept a license for use of the IPR on FRAND terms and

conditions.

10.     On information and belief, Philips has been and continues to be a

member of ETSI.  As a member of ETSI, Philips participated in 3GPP standards-

setting activities.

11.     Quectel is a member of the China Communication Standards

Association ("CCSA").  As a member of CCSA, Quectel participated in 3GPP

standards-setting activities.

12.     ETSI and CCSA are SSOs and are responsible for the standardization

of information and communication technologies for the benefit of their members

and third parties.  3GPP is a collaborative activity through a group of recognized

SSOs (its "Organizational Partners"), including ETSI and CCSA.  3GPP develops

technical specifications subsequently presented to and adopted as standards by its

Organizational Partners, such as ETSI and CCSA.

13.     Like other SSOs, ETSI and 3GPP have developed IPR Policies

designed to ensure that investment in standard-setting and standard-compliant

equipment is not wasted as a result of IPR being unavailable or only available

under unreasonable and/or discriminatory licensing terms.  Additionally, as a 3GPP "Individual Member," Philips was "bound by the IPR Policy" of ETSI, the Organizational Partner through which Philips participated in 3GPP.

14.     ETSI's IPR Policy is set forth in Annex 6 of its Rules of Procedure. Clause 4.1 of the ETSI IPR Policy requires ETSI members to declare all essential IPR in a timely manner.  Clause 15 of ETSI's IPR Policy defines IPR to mean "any intellectual property right conferred by statute law including applications therefor other than trademarks."  Therefore, market participants have a reasonable expectation that all potentially essential patents or patent applications will be disclosed to ETSI.  Clause 6 of ETSI's IPR Policy governs the availability of licenses to essential IPR, stating that when essential IPRs are brought to the attention of ETSI, ETSI shall immediately request an undertaking in writing that the IPR owner is prepared to grant irrevocable licenses on fair, reasonable, and non-discriminatory terms.  Clause 8 of ETSI's IPR Policy states that, if an IPR owner refuses to give a FRAND commitment in accordance with Clause 6.1 of the IPR Policy prior to the publication of a standard, ETSI will select an alternative technology to incorporate into the standard, or will stop work entirely on the standard if no alternative is available.  Further, if an IPR owner refuses to give a FRAND commitment in accordance with Clause 6.1 after publication of a standard, ETSI shall try to modify the standard so that the IPR in question is no

longer essential or failing that will involve the European Commission to see what further action is required.

15.     Philips's Complaint asserts that Quectel's products infringe the Asserted Patents by virtue of being compliant with 3G UMTS and 4G LTE cellular standards established by 3GPP with input from its Organizational Partners, including ETSI and CCSA.

16.     Philips has declared to ETSI that each of the Asserted Patents is essential or potentially essential to one or more standards, and explicitly has undertaken "to grant irrevocable licenses under the IPRs on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy," i.e., on FRAND terms.  Quectel is a beneficiary of Philips's binding commitments to ETSI.

17.     As a member and participant in CCSA and 3GPP, Quectel relied on the IPR Policies of CCSA, ETSI, and 3GPP to ensure that it would have the ability to obtain licenses to standard essential patents on FRAND terms before developing and investing in products and technologies that practice the standard.

18.     In violation of its representations and obligations to ETSI and 3GPP, Philips has not offered Quectel a license to any standard essential patents on FRAND terms, nor has it negotiated in good faith to offer Quectel any such FRAND license.  Instead, in breach of the binding commitments it made to offer licenses on FRAND terms, Philips has attempted to extract unfair and

unreasonable royalty fees that on information and belief grossly exceed the terms set forth in Philips's other license agreements.  For example, Philips has tried to force Quectel to accept a portfolio-wide license on terms that are not FRAND.

19.    Philips now seeks non-FRAND damages from Quectel, contrary to its binding contractual obligations and promises.  Philips's license demands and associated litigation tactics are in violation of its FRAND obligations under ETSI and 3GPP.  Philips is in breach of its obligations and promises and should be barred from seeking relief in the United States District Court of Delaware, or any other forum, for Quectel's alleged infringement of the purportedly standards-essential patents.  This action should therefore be terminated, and Philips should be estopped from pursuing such claims against Quectel unless and until Philips complies with its FRAND obligations.

### Fourth Defense
### (Patent Misuse)

20.    Quectel incorporates the allegations set forth in Paragraphs 7-19, above.  In light of these facts, Philips is barred from asserting the Asserted Patents by the equitable doctrine of patent misuse.

### Fifth Defense
### (Lack of Standing)

21.    Quectel incorporates the allegations set forth in Paragraphs 7-19, above.  In light of these facts, Philips lacks standing as to its claims relating to the

Asserted Patents.  Philips is precluded from obtaining a declaratory judgment related to FRAND and ETSI matters because it failed to comply with its commitments to ETSI and 3GPP that it would license its declared-essential patents on FRAND terms to willing licensees, such as Quectel here.  Philips lacks standing because it has not offered Quectel a license on FRAND terms or negotiated in good faith to offer Quectel such a FRAND license in violation of Philips's representations and obligations to ETSI and 3GPP.

### Sixth Defense
### (Failure to State a Claim)

22.     Quectel incorporates the allegations set forth in Paragraphs 7-19, above.  In light of these facts, Philips's Complaint fails to state a claim upon which relief can be granted.

### Seventh Defense
### (Prosecution History Estoppel)

23.     Philips is estopped from construing a valid and enforceable claim, if any, of the Asserted Patents as infringed literally or under the doctrine of equivalents by Quectel due to amendments, admissions and/or statements made (a) to the United States Patent and Trademark Office during prosecution of the Asserted Patents or related patent applications, and (b) in the specifications and claims of the Asserted Patents.

**Eighth Defense**
**(Not an Exceptional Case)**

24.     Philips is not entitled to a finding that this case is exceptional or to

attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**Ninth Defense**
**(No Willful Infringement)**

25.     Philips's claims for enhanced damages and an award of fees and costs

against Quectel lacks sufficient basis in fact or law and should be denied.

**Tenth Defense**
**(Statutory Damages Limitations)**

26.     Philips's recovery for alleged infringement of the Asserted Patents, if

any, is limited by Title 35 of the United States Code, including, without limitation,

35 U.S.C. §§ 286 and 287.

**Eleventh Defense**
**(Reservation of Other Defenses)**

27.     Quectel hereby gives notice that it intends to rely upon any other

matter constituting an avoidance or affirmative defense as set forth in rule 8(c) of

the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to

amend this answer to add to, amend, withdraw, or modify these defenses, including

without limitation inequitable conduct, prior authorized sale and/or exhaustion,

equitable estoppel, and/or license, as they become known throughout the course of

discovery.

FISH & RICHARDSON P.C.

By: */s/ Warren K. Mabey, Jr.*
    Warren K. Mabey, Jr.  (#5775)
    222 Delaware Avenue, 17th Floor
    Wilmington, Delaware 19801
    (302) 652-5070 (Telephone)
    (302) 652-0607 (Facsimile)
    mabey@fr.com

ATTORNEYS FOR DEFENDANT
QUECTEL WIRELESS SOLUTIONS CO.
LTD.