██████████████

**REDACTED - PUBLIC VERSION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., | |
| Plaintiff, | C.A. No. 20-1707-CFC |
| v. | **JURY TRIAL DEMANDED** |
| QUECTEL WIRELESS SOLUTIONS CO. LTD., | |
| Defendant. | |
| KONINKLIJKE PHILIPS N.V., | |
| Plaintiff, | C.A. No. 20-1710-CFC |
| v. | |
| QUECTEL WIRELESS SOLUTIONS CO. LTD., CALAMP CORP., XIRGO TECHNOLOGIES, LLC, LAIRD CONNECTIVITY, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## QUECTEL'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO PHILIPS'S MOTION FOR LEAVE TO AMEND

████████████████████████████

████████████████████

Philips cannot overcome the controlling statutory language of Section 299, which **only** allows joinder of accused infringers if the allegations relate to "the same transaction, occurrence, or series of transactions or occurrences … of the same accused product." 35 U.S.C. § 299. The new evidence Philips cites in its Reply undermines its own motion, by confirming that Philips cannot meet the strict requirements of Section 299 in order to join Eagle as a defendant.

**There is no "same transaction or occurrence."** Eagle is a competitor to Quectel, which Philips claims is an "unsupported (and incredible) allegation." Reply (1710 D.I. 88) at 9. But the very documents Philips newly attached as Exhibit I to its Reply establish exactly that—Quectel and Eagle are direct competitors.

Quectel and Philips are in active litigation, and have been since 2020, when these cases were first filed. Philips first sought an injunction (via an ITC exclusion order) and is now seeking ████████████ from Quectel. If Eagle and Quectel were essentially the same company—as Philips suggests—Quectel would not be trying to ████████████████████████████████ ████████████████████████████, especially without simultaneously resolving the litigation. Yet by Philips's own admission, an ████████████

████████████████████████████████

████████████████████████████████

████████████████████████

2



…

Exhibit I (1710 D.I. 88), PDF p. 20.  Indeed, the documents show that Eagle is a competitor trying to **replace** Quectel.  These facts, taken together with Quectel's Opposition (1710 D.I. 85), confirm that Quectel and Eagle are separate companies with separate products that are not part of the same transaction or occurrence.

Additionally, Philips's case law on this issue is easily distinguishable.  The Court in *Whatru Holding LLC v. Bouncing Angels Inc.*, allowed joinder, in part because the two defendants shared a commercial address.  No. CV 14-05187, 2014 WL 12629952, at *5 (C.D. Cal. Sept. 18, 2014).  The facts here are completely different.  Even Philips acknowledges that i) Quectel is based in China and manufactures its products in China, and ii) Eagle is based in the U.S. and manufactures its products in the U.S.

**Quectel and Eagle products are not "the same accused product."** Philips's description of Eagle's products as mere "copycats" of Quectel products does not transform Quectel and Eagle's products into "the same accused products."

3

████████████████████████████████████████████████████
██████████████████████████████████

To the contrary, Philips's own evidence again demonstrates the products of each company are separate and distinct.

First, Philips presents no evidence that Eagle buys or uses Quectel products or that Quectel buys or uses Eagle products—this is fatal to Philips motion. Instead, Philips merely cites an Eagle document, cherry picks the quote: "████████████ ████████" (Reply (1710 D.I. 88) at 7 (citing Ex. I)), but ignores that the same page also states that Eagle has "████████████████████████████" and "██████████████ ████████████████████████████████████." *Id.* The Eagle products and Quectel products are also manufactured in different continents. No reading of the facts supports Philips's assertion that Quectel and Eagle's products are "the same accused products."

Second, Philips mischaracterizes Eagle's marketing materials. ██████████ ██████████████████████ products that **compete** with Quectel products. Philips treats this as proof that—despite differences in design, software, and the fact that one is made in China and the other in the U.S.—these products are "the same accused products." Reply (1710 D.I. 88) at 10. In reality, competitors routinely demonstrate how their products are swappable with a competitor. *See e.g.* Exhibit 4 (printout from Techship website, describing Telit product with "simple drop-in migration" with any xE910 module), https://techship.com/product/telit-le910c1-nfd-lte-cat-1-

lga/?variant=001 (last visited Dec. 10, 2025). This reality does not collapse the products into "the same accused product" under Section 299.

The case law provides Philips no support either. Every case Philips relies on either predates Section 299 or applies the more lenient Rule 20 test, not the AIA's heightened joinder requirement. For example, *In re EMC Corp.* the Federal Circuit noted, "[t]he timing of this petition means that our decision will only govern a number of cases that were filed before the passage of the new joinder provision." 677 F.3d 1351, 1356 (Fed. Cir. 2012) (interpreting Fed. R. Civ. P. 20 & 21). *NFC Tech. v. HTC Am.* applied the less stringent joinder test under Rule 20, rather than the AIA's Section 299, when discussing component parts and the joinder standard. No. 2:13-cv-01058-JRG, 2014 WL 3834959, at *2 (E.D. Tex. Aug. 1, 2014) (citing *Imperium (IP) Holdings, Inc. v. Apple Inc.*, No. 4:11-CV-163, 2012 WL 461775, at *2-3 (E.D.Tex. Jan. 20, 2012). *Imperium* expressly acknowledges that Section 299 "does not apply to this case," and goes on to apply the Federal Circuit's pre-AIA joinder standard. 2012 WL 461775, at *2-3 & n.2. Philips also cites to *Novartis v. MedImmune* to point out an instance when "the court found that joinder was proper," but ignores that *Novartis* explicitly does not apply Section 299's "new set of rules governing the joinder of parties[.]" No. 11-084-SLR, 2012 WL 3150524, at *2 n.3 (D. Del. Aug. 2, 2012).

████████████████████████████████████
██████████████████████████████

Even putting the standard aside, Philips's cases are readily distinguishable on the facts. For example, in *NFC Tech.*, the accused products for all the defendants used **one** specific version of **one** chip. 2014 WL 3834959, at *2. Here, Philips has accused nearly 100 Quectel products incorporating ██ ████████ chips from ██ ████████ third-party chipmakers. The ████ Eagle products discussed in Philips's Reply use only ███ ████████ chips. Reply (1710 D.I. 88) at 6. Minimal overlap in widely available third-party chipsets does not constitute "the same product." *Atlas IP, LLC v. Medtronic, Inc.*, No. 13-23309-CIV, 2014 WL 11906632, at *2 (S.D. Fla. Mar. 17, 2014) ("[T]he incorporation of a common component into different accused products does not satisfy section 299's requirement[.]").

Similarly, in *U.S. Ethernet Innovations, LLC v. Samsung*, the accused Samsung product was allegedly integrated into the joined defendant's products. No. 6:12-CV-398-MHS-JDL, 2013 WL 12224135, at *1-2 (E.D. Tex. Feb. 6, 2013). Here, Eagle integrates no components provided by Quectel and independently manufactures its own modules. The only factual similarity here would be to Quectel's downstream customers, but those customers are already named defendants in the 1710 case.[1]

---

[1] Philips agreed to a stay regarding the Customer Defendants. *See* 1710 D.I. 93.

Philips's citations to *SitePro, Inc. v. Waterbridge Res., LLC* and *Ravgen, Inc. v. Quest Diagnostics Inc.* fair no better. In *SitePro*, the accused product was a system the plaintiff originally created and was allegedly misappropriated by multiple defendants. No. 6:23-cv-00115-ADA-DTG, 2024 WL 1724252, at *1 (W.D. Tex. Apr. 22, 2024). And in *Ravgen*, there was only one accused product across both defendants: QNatal. No. 2:21-cv-09011-RGK-GJS, 2022 WL 2047614, at *2 (C.D. Cal. Apr. 27, 2022). Neither scenario resembles the facts here, where Quectel and Eagle offer independent product lines with separate designs, software, and manufacturing locations.

Finally, *Omega Patents, LLC v. Skypatrol, LLC* is also distinguishable. No. 1:11-cv-24201-KMM, 2012 WL 2339320, at *2 (S.D. Fla. June 19, 2012). The Court expressly noted that joinder was proper because Enfora manufactured the product and provided it to the other defendant, Skypatrol, who white labeled it. *Id.* Here, Quectel and Eagle do not even make the same products in the same location. Philips acknowledges that Quectel's products are manufactured in China, while Eagle's products are manufactured in the U.S.

Neither the facts nor the law supports Philips's attempt to join Eagle under Section 299. Because Philips cannot satisfy even the threshold statutory requirements for permissive joinder, its motion to join Eagle should be denied.

7

████████████████████████████

Dated:  December 15, 2025          FISH & RICHARDSON P.C.


By: */s/  Warren K. Mabey, Jr.*
    Warren K. Mabey, Jr. (No. 5775)
    Martina Tyreus Hufnal (No. 4771)
    222 Delaware Avenue, Suite 1700
    Wilmington, DE 19801
    Tel: (302) 652-5070
    Fax: (302) 652-0607
    mabey@fr.com
    hufnal@fr.com

    Thomas H. Reger II (*pro hac vice*)
    Fish & Richardson P.C.
    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    Tel: (214) 747-5070
    Fax: (214) 747-2091
    reger@fr.com

    Lawrence T. Jarvis (*pro hac vice*)
    Katherine Reardon (*pro hac vice*)
    Fish & Richardson P.C.
    1180 Peachtree Street NE
    21st floor
    Atlanta, GA 30309
    Tel: (404) 892-5005
    jarvis@fr.com
    reardon@fr.com

    Elizabeth G.H. Ranks (*pro hac vice*)
    Fish & Richardson P.C.
    One Marina Park Drive
    Suite 1700
    Boston, MA 02210
    Tel: 617-368-2175
    ranks@fr.com

8

███████████████████████████
████████████████████████

Bryan J. Cannon (*pro hac vice*)
Fish & Richardson P.C.
1000 Maine Avenue SW
Suite 1000
Washington, DC 20024
Tel: (202) 220-6859
cannon@fr.com

*Attorneys for Defendant, Quectel Wireless Solutions Co. Ltd.*

9

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 1,314 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the foregoing document. The word count does not include the cover page or the counsel blocks.

*/s/ Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (No. 5775)

# EXHIBIT 4

⌂ > Products > Cellular Modules > 4G LTE > Telit LE910C1-NFD LTE Cat-1 LGA

# Telit LE910C1-NFD LTE Cat-1 LGA

Article Number: 11481   |   Supplier Number: LE910C1FD12T127200



**Brand**
Telit Cinterion

**Form Factor**
LGA

**Primary Technology**
LTE - cat 1

**LTE Bands**
B2 (FDD 1900), B4 (FDD 1700 / AWS), B5 (FDD 850), B12 (FDD 700ac), B13 (FDD 700c), B14 (FDD 700PS), B66 (FDD 1700 / AWS-3), B71 (FDD 600)



001 – LE910C1FD12T127200 – FW 25.21.462
● In stock

**Variant description**

FW 25.21.462

≥ 1
$57.70

—                1                +                $57.70

+    Add to Cart

For larger quantities please request a quote

---

Details          Technical Documentation          Certifications          Software          F

# Product Details & Tech Facts

## Description

Telit LE910C1-NFD is intended for the North American market.

It is 3GPP release 10 compliant and comes with LTE B14 which is dedicated for public safety and first responder networks.

## Key benefits

- Best-in class 3GPP rel10 platform

- MTC features ready according to 3GPP Rel.12

                            

- Internet friendly with integrated TCP/IP and UDP/IP stacks

- Simple drop-in migration and technology design reuse path to 2G and 3G with any xE910 module

- Over-the-Air firmware update

**Form Factor**
LGA

**Fallback**
3G

**GNSS**
Yes

**Carrier Certification**
AT&T
T-Mobile
Verizon

**Voice Call Support**
No

**Primary Technology**
LTE - cat 1

**UMTS Bands**
B2 (1900)
B4 (AWS)
B5 (850)

**GNSS technology**
QZSS
GPS
GLONASS
Galileo
BeiDou

**Operating Temperature Range**
-40 - 85 °C

**Driver Support**
Linux

**LTE Bands**
B2 (FDD 1900)
B4 (FDD 1700 / AWS)
B5 (FDD 850)
B12 (FDD 700ac)
B13 (FDD 700c)
B14 (FDD 700PS)
B66 (FDD 1700 / AWS-3)
B71 (FDD 600)

**Max DL Speed**
10 Mbps

**Antenna Connectors**
Through pin

**Chipset**
Qualcomm
MDM9207

**Size**
28.2x28.2x2.2 mm

**Region**
North America

**Max UL Speed**
5 Mbps

**Certification**
FCC
IC
PTCRB
RoHS
REACH

**Data Interface**
USB 2.0
Serial / UART
PCM
SPI

Sign up for Techship newsletter

       

Subscribe  >

This form is protected by reCAPTCHA and the Google Privacy Policy and Terms of Service apply.

## Products

| | |
|---|---|
| Cellular | Wi-Fi |
| Positioning | Bluetooth |
| Other Wireless Modules | Application Boards |
| Antennas | RF Cable Assemblies |
| Adapter Cards | Accessories |
| Developer Kits | |

## Solutions

| | |
|---|---|
| Design support | Radio testing |
| Product guidance | Supply chain services |
| Module firmware update | |

## Support

Technical Support

FAQ

How to Order

RMA Request

Blog

## About

About Us

Customer References

Career

News

Sponsoring

Contact

Team



Follow us on LinkedIn

Privacy Policy  |  Environmental Policy  |  Quality Policy  |  Cookies  |

Terms & Conditions  |  Code of Conduct  |  United States Tariffs  |  Whistleblowing  |

Copyright © 2025 Techship®  |  Sweden

