IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V., <br><br> Plaintiff, <br><br> v. <br><br> QUECTEL WIRELESS SOLUTIONS CO. LTD., <br><br> Defendant. | C.A. No. 20-1707-CFC-CJB <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF KONINKLIJKE PHILIPS N.V.'S LETTER IN SUPPORT OF
ITS MOTION TO COMPEL**[1]

Of Counsel:

Eley O. Thompson
FOLEY & LARDNER LLP
321 N. Clark Street
Suite 2800
Chicago, IL 60654-5313
*ethompson@foley.com*

Kevin M. Littman
Lucas I. Silva
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
*klittman@foley.com*
*lsilva@foley.com*

Alexis K. Juergens
Foley & Lardner LLP
95 S State Street, Suite 2500
Salt Lake City, UT 84111
(801) 401-8900

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600
*apoff@ycst.com*
*rvrana@ycst.com*
*astombaugh@ycst.com*

*Attorneys for Plaintiff*
*Koninklijke Philips N.V.*

---

[1] Philips notes that this motion only relates to the C.A. No. 20-1707-CFC-CJB case, and its prior reference to C.A. No. 20-1710-CFC-CJB in the joint letter and motion requesting videoconference (D.I. 110, 111) was made in error.

*ajuergens@foley.com*

Dated: January 12, 2026

Plaintiff Koninklijke Philips N.V. ("Philips") hereby submits its letter regarding its motion to compel Defendant Quectel Wireless Solutions Co., Ltd ("Quectel") to produce worldwide sales data for all FRAND products (i.e., products subject to Fair, Reasonable and Non-Discriminatory under Philips' Declaration and ETSI Policy) from the date of first sale to the present.

**A. Background of Dispute**

This case involves claims related to Fair, Reasonable, and Non-Discriminatory ("FRAND") licenses and royalties and Quectel's assertion of FRAND rights, breaches, unfair competition, and unjust enrichment. *See* D.I. 44 at ¶¶ 155–177 (Counts V-VIII). The FRAND claims seek, among other relief, an award of a FRAND royalty and interest based on Quectel's sales of products that incorporate the technology of Philips' Standard Essential Patent ("SEP") portfolio. Specifically, Philips is requesting "the issuance of declaratory judgment on the FRAND royalty due for [a license to Philips' 2G, 3G and 4G SEP worldwide portfolio], for both Quectel's past and future sales." D.I. 44 ¶ 159. The ETSI Guide on Intellectual Property Rights ("ETSI Guide") provides that implementors of the standard such as Quectel are to put aside royalties from the beginning of their adoption of the standard. (*See* Exhibit F at § 4.5 on page 76.)

On September 23, 2025, Philips served discovery requests seeking complete sales information for all FRAND products from their first date of sale to the present. (*See* Exhibit A at Request No. 6; *see also id.* at Request Nos. 4 and 7).[2] This information is necessary to determine the appropriate FRAND royalty and total compensation due under Philips' FRAND claims, which require a complete accounting of Quectel's sales history. Moreover, because Philips' SEPs are subject to FRAND licensing on a worldwide basis, the requested information must include global sales, not merely U.S. sales.

Quectel's response indicated that it was open to conducting a meet and confer to "further explore the propriety of this Request." (*See* Exhibit C at Response No. 6). During the meet and confer, however, Quectel stated it would only produce sales data for the patent infringement claims in the case (i.e., limited to the past 6 years of U.S. sales of products accused of patent infringement citing 35 U.S.C. § 286) and that it would not produce sales data for the FRAND claims. While § 286 limits U.S. patent infringement damages to six years before suit, it does not govern Philips' FRAND claims, which are not brought under the Patent Act. When determining FRAND licensing terms under Philips' declaration and ETSI IPR Policy, the relevant use period is tied to the products' actual commercial history from adoption of the standard by Quectel, not a six-year cut-off tied to U.S. patent damages under the Patent Act. Simply stated, Philips' FRAND claims do not rely on the U.S. Patent Act and therefore are not subject to requirements and limitations in the Patent Act such as the limitation on patent infringement damages.

By withholding this sales data, Quectel applies § 286 as a blanket discovery cutoff for all claims in the case, including those to which it does not apply. This denies Philips information that is central to a proper FRAND analysis and the award of royalties by the jury in exchange for a FRAND license. The parties have met and conferred but remain at an impasse.

---

[2] On October 14, 2025, Philips also served interrogatories seeking such sales information. (*See* Exhibit B at Interrogatory Nos. 7-8.) Moreover, to further clarify that Philips is seeking worldwide sales information for all Quectel 3G and 4G products, going back to the start of such sales, Philips has also today served Document Request Nos. 74-77 and Interrogatory Nos. 15-16. (*See* Exhibits G and H.) The Court's decision on this motion to compel is obviously relevant to and will direct the scope of Quectel's response to those discovery requests also.

### B. The Sales Data Requested is Directly Relevant to Philips' FRAND Claims and Should be Produced Pursuant to Rule 26(b)(1)

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Relevance under Rule 26 is broad, and the information sought by Philips falls directly within these parameters. As detailed above, the sales data is directly relevant to Philips' FRAND claims. *See* D.I. 44 at ¶¶ 155–177 (Counts V-VIII).

Moreover, Judge Connolly's prior handling of FRAND issues confirms that sales information predating the six-year patent infringement damages period is relevant. In *Koninklijke Philips N.V. v. Thales Dis Ais USA LLC, et al*, No. 20-1709-CFC, 20-1713-CFC ("*Thales* Case"), D.I. 248 (April 17, 2024), Judge Connolly denied defendants' motion for summary judgment to limit damages under 35 U.S.C. § 286, because FRAND claims are *not* patent damages. (*See* Exhibit D.) In a separate, but related order, Judge Connolly observed that:

> It may — or may not — be the case that had the parties sat down in February 2016 and successfully negotiated a FRAND license for this period (or some subset of this period), that license would have included a release for some duration of infringement of Philips' patents by Thales that occurred before February 16, 2016.

(Exhibit E (*Thales* Case, D.I. 266 (July 15, 2024)), at 3.) In other words, Judge Connolly recognized that a FRAND license may include a release for sales that occurred before the six-year patent damages window, making pre-period sales data relevant for the jury's consideration in awarding a FRAND royalty in exchange for a FRAND license or awarding other damages under the other non-patent damage counts.

Although this decision was not issued in the context of a discovery dispute, the defendant in fact produced worldwide sales records going back to 2009, which was when it adopted the standard and its sales of products practicing the applicable technical standards began. This information was global in nature and well outside § 286's six-year window, but it was directly relevant to Philips' FRAND counts in the case, which are close to the same as the counts in this case. Thales' later attempt to narrow the FRAND license period failed, confirming both the discoverability and relevance of this requested sales data to determining FRAND royalties. The trial in the *Thales* Case was to determine the FRAND royalty award against the defendant to establish a license.

The same reasoning applies here. Philips' FRAND claims against Quectel seek to determine, among other things, a FRAND royalty award to establish a world-wide license, which could cover sales from the products' first sale to present. The ETSI Guide, which guides understanding of the ETSI IPR Policy that underlies Philips' FRAND declaration that Quectel has asserted, specifically contemplates that Quectel should set aside royalties from its adoption of the technology and standard. (*See* Exhibit F at § 4.5 on page 76.)

### C. Conclusion

Philips respectfully requests that the Court compel Quectel to respond to all discovery responses in a manner that includes sales data for all of its products that include 3G and 4G technologies, worldwide, from the period it began selling such products (i.e., not limited by the six-year period for patent damages under 35 U.S.C. § 286). Ex. I (Proposed Order). This information is relevant to Philips' counts V-VIII. *See* D.I. 44 at ¶¶ 155–177.

        Respectfully submitted,

        */s/ Adam W. Poff*

        Adam W. Poff (No. 3990)

Enclosures

cc: All Counsel of Record