# Exhibit A



WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

CHARLOTTE
CARILLON TOWER

**Adam W. Poff**
P 302.571.6642
apoff@ycst.com

January 14, 2026

**VIA CM/ECF**
The Honorable Colm F. Connolly
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re: *Koninklijke Philips N.V. v. Quectel Wireless Solutions Co. Ltd., et al.,* C.A. Nos. 20-1707-CFC-CJB & 20-1710-CFC-CJB

Dear Chief Judge Connolly:

    The parties write as a follow up to their January 7, 2026, letter regarding their request for leave to present expert testimony at the upcoming *Markman* hearing and the procedure for presenting such testimony. *See* No. 20-1707-CFC-CJB, D.I. 118; No. 20-1710-CFC-CJB, D.I. 135. The parties' positions are set forth below.

**Philips's Position**
    Philips believes that the expert testimony submitted by the parties in the form of declarations should be sufficient to aid the Court in construing the disputed claim terms, but Philips understands that the Court indicated at the scheduling conference that it may wish to have experts available at the *Markman* hearing to address any questions regarding the plain and ordinary meanings of any disputed claim language. 1710 Hr'g Tr. at 24:8-12 ("[Y]ou should have your experts prepared to be there. This is not in the order, but if you're going to argue plain and ordinary meaning, you have to say what it is if there's a dispute about something like that."). Accordingly, Philips was in contact with its expert Mr. Lanning regarding his attendance at the claim construction hearing scheduled to take place on February 10, 2026. However, today (January 14, 2026) Mr. Lanning e-mailed counsel for Philips stating that he was contacted yesterday (January 13, 2026) by

Young Conaway Stargatt & Taylor, LLP
January 14, 2026
Page 2

counsel in another case informing him that he is needed to testify in the Eastern District of Texas at a trial that is scheduled to begin on February 6, 2026, and which will conflict with the Markman hearing in these cases. The case is *Optis Wireless Technology, LLC v. Apple, Inc.*, C.A. No. 19-cv-00066 (E.D. Tex.), which counsel for Philips is informed was recently remanded to the district court from the Court of Appeals for the Federal Circuit, was just recently scheduled for trial, and is currently first on Judge Gilstrap's list of trials to be heard that week. Philips apologizes to the Court for this unforeseen scheduling conflict, and Philips will work with Mr. Lanning to determine whether he could be available (in person or remotely) on February 10, 2026, despite the trial, and Philips will promptly inform Quectel and the Court if the trial date is continued or if the scheduling conflict otherwise is resolved. Counsel for Philips also could make themselves available for a Markman hearing at another date later in February if the Court wishes to reschedule the Markman hearing in view of this scheduling conflict.

**Quectel's Position**

Quectel stands ready to present expert testimony at the *Markman* hearing scheduled for February 10, 2026. Quectel submits that expert testimony may aid the Court in its construction of the disputed terms. Quectel submitted an expert declaration from Dr. Min with its answering claim construction briefing on January 5. Dr. Min plans on attending the hearing to be available for live testimony at the *Markman* hearing, as the Court requested at the scheduling conference. 1710 Hr'g Tr. at 24:8-12 ("[Y]ou should have your experts prepared to be there."). And subject to the Court's preferences, Quectel will be prepared to conduct a brief direct examination of Dr. Min on the disputed claim terms.

Respectfully submitted,

*Adam W. Poff*

Adam W. Poff (No. 3990)

cc: All counsel of record (via e-mail and CM/ECF)