*Koninklijke Philips N.V. v. Quectel Wireless Solutions Co. LTD.,*
CA Nos. 20-1707-CFC, 20-1710-CFC (D. Del.)
**Exhibit B - Disputed Constructions**

I.    **1707 Case**

A.    **'216 Patent**

| '216 Patent | | |
|---|---|---|
| **Claim Term** | **Philips Proposed Construction and Supporting Intrinsic Evidence** | **Quectel Proposed Construction and Supporting Intrinsic Evidence** |
| "power control means for adjusting the power of the uplink control and data channels in response to the downlink power control commands" <br><br> *('216 Patent, claim 13)* | Philips proposes that the term is not subject to Section 112 ¶ 6 because the structure is recited in the claim, and that the term should be given its plain and ordinary meaning. <br><br> If subject to Section 112 ¶ 6, Philips has provided its proposal for the function and structure. <br><br> **Function:** adjusting the power of the uplink control and data channels in response to the downlink power control commands | means plus function term subject to Section 112 ¶ 6 <br><br> **Function:** adjusting the power of the uplink control and data channels in response to the downlink power control commands <br><br> **Structure:** transceiver (Tx/RX) 114 connected to antenna 116, and power controller (PC) 118. <br><br> **Intrinsic Evidence:**[1] |

[1] Quectel reserves to rely on intrinsic evidence cited by Philips.

1

| | | |
|---|---|---|
| | **Structure:** power controller<br><br>**Supporting Intrinsic Evidence:** '216 Patent at 1:12-16, 3:19-22, 3:42-64, 6:46-50, Figure 1, Claim 13; 2022.09.13 [IPR2021-00563-25] Final Written Decision ('216 patent) at 7; 2021.02.26 Quectel Petition ('216 patent) at 7-9; 2023.03.27 Final Written Decision Denying Rehearing ('216 patent) at 4-5; 2025.04.01 Judgment – Final Written Decision on Remand at 14.<br><br>Anything cited by Quectel. | '216 Pat. at 3:11-64; Figs. 1, 2, 3, cl. 13<br><br>'216 Pat. FH, including IPR2021-00563, e.g., Paper nos. 2, 6, 7, 12, 24, 25, 32, 33, 35, 36; Exhibit Nos. 1003, 1111, 1112, 2001, 2002, 2007 |
| "means for setting an initial transmission power after an interruption in transmission to that before the interruption adjusted by an offset"<br><br>*('216 Patent, claim 13)* | means plus function term subject to Section 112 ¶ 6<br><br>**Function:** setting an initial transmission power after an interruption in transmission to that before the interruption adjusted by an offset<br><br>**Structure:** power controller | means plus function term subject to Section 112 ¶ 6<br><br>**Function:**<br>setting an initial transmission power after an interruption in transmission to that before the interruption by an offset<br><br>**Structure:** |

2

| | | |
|---|---|---|
| | **Supporting Intrinsic Evidence:** '216 Patent at 1:12-16, 3:19-22, 4:59-5:59, 6:46-50, Figure 1; 2021.12.22 [IPR2021-00563-12] Patent Owner Response ('216 patent) at 19-22; 2022.09.13 Final Written Decision ('216 patent) at 7-9; 2021.02.26 Quectel Petition ('216 patent) at 9-11.<br><br>Anything cited by Quectel. | transceiver (Tx/RX) 114 connected to antenna 116, and power controller (PC) 118.<br><br>**Intrinsic Evidence:**<br><br>'216 Pat. at 3:11-64; 4:59-5:2; Figs. 1, 2, 3, cl. 13<br><br>'216 Pat. FH, including IPR2021-00563, e.g., Paper nos. 2, 6, 7, 12, 24, 25, 32, 33, 35, 36, Exhibit Nos. 1003, 1111, 1112, 2001, 2002, 2007 |
| "means for determining the offset from a weighted sum of power control commands in accordance with an equation $\Delta P(t)=K_1\Delta P(t-1)-K_2 PC(t)PS(t)$, where $\Delta P(t)$ is the offset computed at a time t of a last power control command before the interruption, $\Delta P(t-1)$ is a previously-determined offset, $PC(t)$ is the power control command applied at the time t, $PS(t)$ is the size of the power control step applied at the time t, $K_1$ and $K_2$ are constants and $\Delta P(0)$ is set to zero at | means plus function term subject to Section 112 ¶ 6<br><br>**Function:** determining the offset from a weighted sum of power control commands in accordance with an equation $\Delta P(t)=K1\Delta P(t-1)-K2 PC(t)PS(t)$, where $\Delta P(t)$ is the offset computed at a time t of a last power control command before the interruption, $\Delta P(t-1)$ is a previously-determined offset, $PC(t)$ is the power control | means plus function term subject to Section 112 ¶ 6<br><br>**Function:** determining the offset from a weighted sum of power control commands in accordance with an equation $\Delta P(t)=K_1\Delta P(t-1)-K_2 PC(t)PS(t)$, where $\Delta P(t)$ is the offset computed at a time t of a last power control command before the interruption, $\Delta P(t-1)$ is a previously-determined offset, |

| | | |
|---|---|---|
| the start of a transmission or immediately after a gap"[2]<br><br>(*'216 Patent, claim 13*) | command applied at the time t, PS(t) is the size of the power control step applied at the time t, K1 and K2 are constants and $\Delta P(0)$ is set to zero at the start of a transmission or immediately after a gap, and in that means are provided for quantizing the offset to an integer multiple of a minimum power control step size | PC(t) is the power control command applied at the time t, PS(t) is the size of the power control step applied at the time t, $K_1$ and $K_2$ are constants and $\Delta P(0)$ is set to zero at the start of a transmission or immediately after a gap<br><br>**Structure:**[3] |

[2] Philips proposes that the full term be construed, which includes "and in that means are provided for quantizing the offset to an integer multiple of a minimum power control step size supported by the secondary station." This would render the claim term to read: "means for determining the offset from a weighted sum of power control commands in accordance with an equation $\Delta P(t)=K_1\Delta P(t-1)-K_2 PC(t)PS(t)$, where $\Delta P(t)$ is the offset computed at a time t of a last power control command before the interruption, $\Delta P(t-1)$ is a previously-determined offset, PC(t) is the power control command applied at the time t, PS(t) is the size of the power control step applied at the time t, $K_1$ and $K_2$ are constants and $\Delta P(0)$ is set to zero at the start of a transmission or immediately after a gap, and in that means are provided for quantizing the offset to an integer multiple of a minimum power control step size supported by the secondary station."

[3] Quectel understands that the Court does not hear argument regarding indefiniteness during the Markman hearing. Quectel is unable to identify any corresponding structure to perform the claimed function. Quectel is aware of the Court has ordered and/or permitted early briefing on indefiniteness issues in past cases and believes that is warranted here for certain terms. *See, e.g., Philips v. HP*, C.A. No.:20-cv-1241-CFC. Philips objects to Quectel addressing its numerous indefiniteness arguments to any degree on the schedule and within the briefing currently set for claim construction in these cases. While Quectel has not explained in any detail the bases for its indefiniteness arguments, Philips believes that Quectel cannot prove indefiniteness by clear and convincing evidence for any claim term. If Quectel seeks leave to file an early summary judgment motion or otherwise

| | supported by the secondary station | indefinite under § 112, ¶ 6 for lack of structure |
|---|---|---|
| | **Structure:** a weighted sum of power control commands in accordance with an equation $\Delta P(t)=K1\Delta P(t-1)-K2PC(t)PS(t)$, where $\Delta P(t)$ is the offset computed at a time t of a last power control command before the interruption, $\Delta P(t-1)$ is a previously-determined offset, $PC(t)$ is the power control command applied at the time t, $PS(t)$ is the size of the power control step applied at the time t, K1 and K2 are constants and $\Delta P(0)$ is set to zero at the start of a transmission or immediately after a gap, and in that means are provided for quantizing the offset to an integer multiple of a minimum power control step size supported by the secondary station. | |

---

requests to raise these invalidity arguments and such request is granted, Philips will respond in accordance with the briefing schedule set by the Court.

| | | |
|---|---|---|
| | **Supporting Intrinsic Evidence:** '216 Patent, Claim 13; 5:27-49; also generally 4:59-5:59  Anything cited by Quectel. | |
| "means are provided for quantizing the offset to an integer multiple of a minimum power control step size supported by the secondary station"  *('216 Patent, claim 13)* | Philips contends that no construction is required as this language is part of the "means for determining the offset from a weighted sum . . ." term above.  **Supporting Intrinsic Evidence:**  See above limitation  Anything cited by Quectel. | means plus function term subject to Section 112 ¶ 6  **Function:** quantizing the offset to an integer multiple of a minimum power control step size supported by the secondary station  **Structure:** indefinite under § 112, ¶ 6 for lack of structure |
| "interruption in transmission"  *('216 Patent, claim 13)* | A pause or gap in transmission during which time the control and/or data channels are either not transmitted or not received, but the logical connection between the mobile station and the base station is maintained. | "indicating an event after which a power level is set in order to compensate for the interruption."  **Intrinsic Evidence:**  '216 Pat. at Abstract; 1:46-48; 2:47-53; 4:65-5:6; Figs. 1, 2, 3; cl. 13 |

6

| | **Supporting Intrinsic Evidence:** '216 Patent, 5:2-6; 2022.09.13 [IPR2021-00563-25] Final Written Decision ('216 patent) at 7–8; 2021.02.26 Quectel Petition ('216 patent) at 6.<br><br>Anything cited by Quectel. | '216 Pat. FH, including IPR2021-00563, e.g., Paper nos. 2, 6, 7, 12, 24, 25, 32, 33, 35, 36; Exhibit Nos. 1003, 1111, 1112, 2001, 2002, 2007 |
|---|---|---|
| | | |

## B.     '028 Patent

| '028 Patent | | |
|---|---|---|
| **Claim Term** | **Philips Proposed Construction and Supporting Intrinsic Evidence** | **Quectel Proposed Construction and Supporting Intrinsic Evidence** |
| "means for transmitting a request for resources to a primary station"<br><br>*('028 Patent, claim 11)* | means plus function term subject to Section 112 ¶ 6<br><br>**Function:** transmitting a request for resources to a primary station<br><br>**Structure:** transceiver<br><br>**Supporting Intrinsic Evidence:**<br><br>'028 Patent at 3:3–17; claim 11; Fig. 1 | means plus function term subject to Section 112 ¶ 6<br><br>**Function:**<br>transmitting a request for resources to a primary station<br><br>**Structure:**<br>transceiver (Tx/Rx) 114 connected to antenna 116.<br><br>**Intrinsic Evidence:** |

| | | |
|---|---|---|
| | 2021.09.13 [IPR2021-00560-7] Institution decision - '028 Patent at 7–8<br><br>Anything cited by Quectel. | '028 Pat. at 3:3-12; Figs. 1, 2, 3, 4; cl. 11<br><br>'028 Pat. FH, including IPR2021-00560, e.g., Paper nos. 2, 6, 7, 10, 13, 15, 22, 23; Exhibit Nos. 1003, 1102, 1103, 1104, 2004, 2005 |
| "means for receiving an acknowledgment of a reception of the request for resources by the primary station"<br><br>*('028 Patent, claim 11)* | means plus function term subject to Section 112 ¶ 6<br><br>**Function:** secondary station receiving an acknowledgment of a reception of the request for resources by the primary station<br><br>**Structure:** transceiver<br><br>**Supporting Intrinsic Evidence:**<br><br>'028 Patent at 3:3–17; claim 11<br><br>2021.09.13 [IPR2021-00560-7] Institution decision ('028 Patent) at 7–8 | means plus function term subject to Section 112 ¶ 6<br><br>**Function:**<br>secondary station receiving an acknowledgment of a reception of the request for resources by the primary station<br><br>**Structure:**<br>transceiver (Tx/Rx) 114 connected to antenna 116.<br><br>**Intrinsic Evidence:**<br><br>'028 Pat. at 3:3-12; Figs. 1, 2, 3, 4; cl. 11 |

8

|  |  |  |
|---|---|---|
|  | Anything cited by Quectel. | '028 Pat. FH, including IPR2021-00560, e.g., Paper nos. 2, 6, 7, 10, 13, 15, 22, 23; Exhibit Nos. 1003, 1102, 1103, 1104, 2004, 2005 |
| "power control means"<br><br>*('028 Patent, claim 12)* | Philips proposes that the term is not subject to Section 112 ¶ 6 because the structure is recited in the claim, and that the term should be given its plain and ordinary meaning.<br><br>If subject to Section 112 ¶ 6, Philips has provided its proposal for the function and structure.<br><br>**Function:** adjusting power levels of the uplink control channel prior to the initial transmission of the data on the uplink data channel<br><br>**Structure:** power controller<br><br>**Supporting Intrinsic Evidence:**<br><br>'028 Patent at 1:6–10, 3:3–17; 6:46-48; claim 12 | means plus function term subject to Section 112 ¶ 6<br><br>**Function:**<br>adjusting power levels of the uplink control channel prior to the initial transmission of the data on the uplink data channel<br><br>**Structure:**<br>transceiver (Tx/Rx) 114 connected to antenna 116, power control (PC) 118 for altering the transmitted power level.<br><br>**Intrinsic Evidence:**<br><br>'028 Pat. at 3:3-14; 3:34-62; Figs. 1, 2, 3, 4; cls. 11, 12<br><br>'028 Pat. FH, including IPR2021-00560, e.g., Paper nos. 2, 6, 7, 10, 13, 15, 22, 23; Exhibit |

| | 2021.09.13 [IPR2021-00560-7] Institution decision ('028 Patent) at 7–8<br><br>Anything cited by Quectel. | Nos. 1003, 1102, 1103, 1104, 2004, 2005 |
|---|---|---|
| "determinedly delay"<br><br>*('028 Patent, claim 11)* | Plain and ordinary meaning, or alternatively, "purposeful delay"<br><br>**Supporting Intrinsic Evidence:**<br><br>'028 Patent at 2:29–36, 3:58–4:4; Fig. 3; claim 11<br><br>'028 Patent File History, including IPR2021-00560 6/17/2021 POPR; IPR2021- | Indefinite[4]<br><br>Alternatively, "a delay that is determined relative to the *initial* transmission of control information"<br><br>**Intrinsic Evidence:**<br><br>'028 Pat. at Abstract; 1:49-60, 2:5-35; 3:59-4:4; Fig. 3; cl. 11 |

[4] Quectel understands that the Court does not hear argument regarding indefiniteness during the Markman hearing. Quectel is aware of the Court has ordered and/or permitted early briefing on indefiniteness issues in past cases and believes that is warranted here for certain terms. *See, e.g.*, *Philips v. HP*, C.A. No.:20-cv-1241-CFC. Philips objects to Quectel addressing its numerous indefiniteness arguments to any degree on the schedule and within the briefing currently set for claim construction in these cases. While Quectel has not explained in any detail the bases for its indefiniteness arguments, Philips believes that Quectel cannot prove indefiniteness by clear and convincing evidence for any claim term. If Quectel seeks leave to file an early summary judgment motion or otherwise requests to raise these invalidity arguments and such request is granted, Philips will respond in accordance with the briefing schedule set by the Court.

| | | |
|---|---|---|
| | 00560 12/20/2021 POR; IPR2021-00560 POSR, Paper 15; 9/10/2002 final rejection; 1/16/2003 claims and applicant remarks; 4/10/2003 non-final rejection; 2/23/2004 Appeal Brief; 7/26/2004 Examiner's Answer to Appeal Brief; 9/27/2004 Reply Brief; 8/16/2005 Patent Board Decision; U.S. Patent No. 6,356,759 (Mustajarvi); U.S. Patent No. 5,953,346 ("Luddy"). <br><br> Anything cited by Quectel. | '028 Pat. FH, including IPR2021-00560, e.g., Paper nos. 2, 6, 7, 10, 13, 15, 22, 23; Exhibit Nos. 1003, 1102, 1103, 1104, 2004, 2005 |
| "control channel" <br><br> *('028 Patent, claims 11, 12, 13)* | Plain and ordinary meaning, which is: a channel that communicates control information <br><br> **Supporting Intrinsic Evidence:** <br><br> '028 Patent at 1:14–17; 1:51–56; 1:64–67; 2:8–11; 2:21–23; claims 11–13 | "a channel that is established in response to a request for resources and sets and monitors transmission on a data channel" <br><br> **Intrinsic Evidence:** <br><br> '028 Pat. at Abstract; 2:5-35; 3:18-30; 3:59-4:1; Figs. 1, 2, 3, 4; cl. 11 |

11

| | 2022.04.11 [IPR2021-00560-15] Patent Owner Sur-Reply to Pet Reply to PO Response - '028 Patent at 4–5<br><br>Anything cited by Quectel. | '028 Pat. FH, including IPR2021-00560, e.g., Paper nos. 2, 6, 7, 10, 13, 15, 22, 23; Exhibit Nos. 1003, 1102, 1103, 1104, 2004, 2005 |
| --- | --- | --- |
| | | |

## C.    '577/'599 Patents

| '577/599 Patent | | |
| --- | --- | --- |
| **Claim Term** | **Philips Proposed Construction and Supporting Intrinsic Evidence** | **Quectel Proposed Construction and Supporting Intrinsic Evidence** |
| "substantially simultaneously" | Plain and ordinary meaning.<br><br>**Supporting Intrinsic Evidence** | Indefinite[5] |

---

[5] Quectel understands that the Court does not hear argument regarding indefiniteness during the Markman hearing. Quectel is aware of the Court has ordered and/or permitted early briefing on indefiniteness issues in past cases and believes that is warranted here for certain terms. *See, e.g., Philips v. HP*, C.A. No.:20-cv-1241-CFC. Philips objects to Quectel addressing its numerous indefiniteness arguments to any degree on the schedule and within the briefing currently set for claim construction in these cases. While Quectel has not explained in any detail the bases for its indefiniteness arguments, Philips believes that Quectel cannot prove indefiniteness by clear and convincing evidence for any claim term. If Quectel seeks leave to file an early summary judgment motion or otherwise requests to raise these invalidity arguments and such request is granted, Philips will respond in accordance with the briefing schedule set by the Court.

| | | |
|---|---|---|
| *('577 Patent, claims 17, 18; '599 Patent, claims 33, 34)* | '577 Patent at Abstract; 2:15–27; 5:9–19; claims 17, 18; Figs. 1, 4–5<br><br>'599 Patent at Abstract; 2:30–42; 5:33–44; claims 33, 34; Figs. 1, 4–5<br><br>2021.06.25   IPR2021-00558-6] Patent Owner Preliminary Response - '577 Patent at 20<br><br>Anything cited by Quectel. | '577 patent at Abstract, 2:15-46, 2:56-67, 3:5-16, 5:9-55, 7:27-34, Cls. 1-2, 8-9, 11, 13-14, 17-18, 20; '577 patent FH: October 16, 2006 Office Action; March 9, 2007 Amendment; March 14, 2007 Appeal Brief; IPR2021-00558, e.g., Paper nos. 2, 6, 7.<br><br>'599 patent at Abstract, 2:30-60, 3:4-35, 5:13-58, Cls. 1, 4, 12-13, 19, 22, 25, 33-34; IPR2021-00559, e.g., Paper nos. 2, 6, 7 |
| "number of simultaneous data streams that the secondary station is capable of receiving"/ "a number of simultaneous data streams that the secondary station is capable of receiving or processing."<br><br>*('577 Patent, claim 17; '599 Patent, claim 33)* | Plain and ordinary meaning, which is "the number of data streams that the second station is capable of receiving [or processing]."<br><br>**Supporting Intrinsic Evidence:**<br><br>'577 Patent, at 2:56–57; 3:5–16; 3:45–57; 4:11–41; 5:9–43; 6:9–45; 7:26–34; Figs. 3–6; Claim 17. | Plain and Ordinary meaning, which is "number of simultaneous data streams that the secondary station is capable of receiving (independent of channel conditions)" / "a number of simultaneous data streams that the secondary station is capable of receiving or processing (independent of channel conditions)" |

| | '599 Patent, at 3:4–5; 3:19–30; 3:66–4:11; 4:33–61; 5:33–67; 6:35–7:2; 7:51–58; Figs. 3–6; Claim 33 | **Intrinsic Evidence:** |
|---|---|---|
| | Anything cited by Quectel. | '577 patent at 1:59-2:5, 6:26-45, cls. 1-20; '577 patent FH: 12/27/2007 Office Action Response; 6/6/2008 Office Action Response; 4/10/2009 Office Action Response; 9/28/2009 Office Action Response; 1/28/2010 Appeal Brief; 6/1/2010 Reply Brief; 5/15/2013 Office Action Response; 2013/10/31 Office Action Response; 1/13/2014 Office Action Response; 2/12/2014 Office Action Response; IPR2021-00558, e.g., Paper nos. 2, 6, 7

'599 patent at 2:5-18; 6:51-7:2, cls. 1-42; '559 Pat. FH at 2/13/2017 Pre-Appeal Brief Conference Request; IPR2021-00559: POPR; *see also* intrinsic evidence of '577 patent for same claim term cited above. |

14

## II. 1710 Case

### A.   '935 Patent

| '935 Patent | | |
|---|---|---|
| **Claim Term** | **Philips Proposed Construction and Supporting Intrinsic Evidence** | **Quectel Proposed Construction and Supporting Intrinsic Evidence** |
| "delay criterion"<br><br>*('935 Patent, claims 1 & 9)* | Plain and ordinary meaning, which is: "a criterion indicating a need to service the queue"<br><br>**Supporting Intrinsic Evidence**<br><br>'935 Patent at 1:50-67, 2:1-45, 3:30-5:24<br><br>Figure 2.<br><br>Claims 3–8, 11–16.<br><br>2010.08.12 [App. No. 11/18,720] Appeal Brief - '935 Patent pages 8–9.<br><br>Anything cited by Quectel. | "a predetermined duration of time for waiting in the respective queue"<br><br>**Intrinsic Evidence:**<br>'935 patent at Abstract; 1:27-47; 2:10-30; 3:30-55; 4:18- 27; 4:45-52, 4:64-67, 5:10-15, 5:16-24.<br>'935 Patent FH, including Oct. 8, 2010 Appeal Br.; Feb. 18, 2010 Response to Office Action |
| "delay experienced"<br><br>*('935 Patent, claims 1 & 9)* | Plain and ordinary meaning, which is: "a measure of whether the delay criterion for the queue is met"<br><br>**Supporting Intrinsic Evidence** | Plain and ordinary meaning, which is: "wait time encountered"<br><br>**Intrinsic Evidence:** |

| | | '935 patent at Abstract; 2:23-30; 3:46-55 |
|---|---|---|
| | '935 Patent at 1:50–67, 2:1–45, 3:30–5:24.<br><br>Figure 2.<br><br>Claims 3–8,11–16.<br><br>2010.08.12 [App. No. 11/18,720] Appeal Brief - '935 Patent pages 8–9.<br><br>Anything cited by Quectel. | |
| the size of the first and second portions is adapted according to the delay experienced by data in each queue relative to a delay criterion for the respective queue | Plain and ordinary meaning<br><br>**Supporting Intrinsic Evidence**<br><br>'935 Patent at 1:50-67, 2:1-45, 3:30-5:24. | Indefinite[6]<br><br>**Intrinsic Evidence:**<br>'935 patent at Abstract, 1:27-47, 2:10-30; 3:27-55; 4:8-28; 4:45-52; 4:64-5:15;5:16-24; 5:34-46; FIG. 2 |

---

[6] Quectel understands that the Court does not hear argument regarding indefiniteness during the Markman hearing. Quectel is aware of the Court has ordered and/or permitted early briefing on indefiniteness issues in past cases and believes that is warranted here for certain terms. *See, e.g.*, *Philips v. HP*, C.A. No. 20-cv-1241-CFC. Philips objects to Quectel addressing its numerous indefiniteness arguments to any degree on the schedule and within the briefing currently set for claim construction in these cases. While Quectel has not explained in any detail the bases for its indefiniteness arguments, Philips believes that Quectel cannot prove indefiniteness by clear and convincing evidence for any claim term. If Quectel seeks leave to file an early summary judgment motion or otherwise requests to raise these invalidity arguments and such request is granted, Philips will respond in accordance with the briefing schedule set by the Court.

| | | |
|---|---|---|
| *('935 Patent, claims 1 & 9)* | Figures 2–3.<br><br>Claims 3–8, 11–16.<br><br>2010.08.12 [App. No. 11/18,720] Appeal Brief - '935 Patent pages 8-9.<br><br>Philips may rely on expert testimony to explain the technology, the state of the art at the time the application leading to the '935 patent was filed, the level of ordinary skill in the relevant art, and the meaning of this claim element to a person of ordinary skill in the art at the time of the alleged invention.<br><br>Philips may also rely on expert testimony to respond to Quectel's claim construction positions and any testimony of Quectel's expert(s) and witnesses.<br><br>Anything cited by Quectel. | '935 Patent FH: Oct. 8, 2010 Appeal Br., Feb. 18, 2010 Response to Office Action |
| "a queue"<br><br>*('935 Patent, claims 1)* | Plain and ordinary meaning, which is: "a collection of data packets having a sequence" | "distinct memory for storing data packets in sequence" |

17

| | | |
|---|---|---|
| | **Supporting Intrinsic Evidence**<br><br>'935 Patent at<br>3:55–4:17; 2:61–3:26.<br><br>Figure 2.<br><br>2009.07.29 [App. No. 11/18,720] Office Action Response - '935 Patent pages 8–9.<br><br>2010.08.12 [App. No. 11/18,720] Appeal Brief - '935 Patent pages 9–10.<br><br>Anything cited by Quectel. | **Intrinsic Evidence:**<br><br>'935 patent at Abstract, 1:27-47, 1:50-59, 2:1-41; 2:20-22; 2:61-3:21; 3:27-55; 3:60-64; 4:5-5:24, 5:33-46; FIGS. 1-3<br>'935 Patent FH: Oct. 8, 2010 Appeal Brief; July 29, 2009 Response to Office Action, July 29, 2009 Amend. |
| "a queue store"<br><br>*('935 Patent, claims 9–12)* | Plain and ordinary meaning, which is: "memory storing data packets having a sequence"<br><br>**Supporting Intrinsic Evidence**<br><br>'935 Patent at<br>2:61–3:26, 3:56–4:17.<br><br>Figures 2–3. | "distinct memory for storing data packets in sequence"<br><br>**Intrinsic Evidence:**<br><br>'935 patent at Abstract, 1:27-47, 1:50-59, 2:1-41; 2:20-22; 2:61-3:21; 3:27-55; 3:60-64; 4:5-5:24, 5:33-46; FIGS. 1-3<br>'935 Patent FH: Oct. 8, 2010 Appeal Brief; July 29, 2009 |

| | 2009.07.29 [App. No. 11/18,720] Office Action Response - '935 Patent pages 8–9.<br><br>2010.08.12 [App. No. 11/18,720] Appeal Brief - '935 Patent pages 9–10.<br><br>Anything cited by Quectel. | Response to Office Action, July 29, 2009 Amend. |
|---|---|---|
| "means for operating a queue store for each different priority of data packet"<br><br>*('935 Patent, claim 9)* | Subject to 35 USC 112 ¶ 6<br><br>**Function:** operating a queue store<br><br>**Structure:** one or more routing switches and storage, and equivalents thereof<br><br>**Supporting Intrinsic Evidence**<br><br>'935 Patent at 2:60-3:14, 3:56-4:5, 5:11-25<br><br>Figure 2.<br><br>2009.07.29 [App. No. 11/18,720] Office Action Response - '935 Patent pages 4-5. | means plus function term subject to Section 112 ¶ 6<br><br>**Function:**<br>operating a queue store for each different priority of data packet<br><br>**Structure:**<br>microprocessor (110), input buffer (20), first routing switch (30), and bank 40 (memory), and equivalents thereof<br><br>**Intrinsic Evidence:**<br><br>'935 patent at Abstract; 1:27-47; 1:50-59; 2:31-41; 2:61-3:26; 3:56-64; 5:16-24; FIGS. 1-3 |

| | Anything cited by Quectel. | '935 Patent FH: Appeal Br.; July 29, 2009 Response to Office Action |
|---|---|---|
| "means for assembling a group of the data packets wherein a first portion of the group is populated with data packets by selecting data packets from one or more of the queue stores according to a first rule and a second portion of the group is populated with data packets by selecting data packets from one or more of the queue stores according to a second rule....wherein the size of the first and second portions is adapted according to the delay experienced by data in each queue relative to a delay criterion for the respective queue"<br><br>*('935 Patent, claim 9)* | Subject to 35 USC 112 ¶ 6<br><br>**Function**: assembling a group of data packets<br><br>**Structure**: one or more routing switches, a buffer or other storage, and equivalents thereof<br><br>**Supporting Intrinsic Evidence**<br><br>'935 Patent at 2:1–45, 3:14–55, 4:5–5:15, 5:25–6:63, 6:64–8:8.<br><br>Figures 2–3.<br><br>2009.07.29 [App. No. 11/18,720] Office Action Response - '935 Patent pages 4–5. | means plus function term subject to Section 112 ¶ 6<br><br>**Function:**<br>assembling a group of data packets wherein a first portion of the group is populated with data packets by selecting data packets from one or more of the queue stores according to a first rule and a second portion of the group is populated with data packets by selecting data packets from one or more of the queue stores according to a second rule wherein the size of the first and second portions is adapted according to the delay experienced by data in each queue relative to a delay criterion for the respective queue<br><br>**Structure:** [7] |

[7] Quectel understands that the Court does not hear argument regarding indefiniteness during the Markman hearing. Quectel is unable to identify any corresponding structure to perform the claimed function. Quectel is aware of the Court has ordered and/or permitted early briefing on indefiniteness issues in past cases and believes that is warranted here for certain terms. *See, e.g.*, *Philips v. HP*, C.A. No. 20-cv-1241-CFC. Philips objects to Quectel addressing its numerous indefiniteness arguments to any degree on the schedule and within the briefing currently set for claim construction in these cases. While Quectel has not explained in any detail the bases for its

|  | Anything cited by Quectel. | indefinite under § 112, ¶ 6 for lack of structure<br><br>**Intrinsic Evidence:**<br>'935 patent at Abstract; 1:27-47; 1:50-67; 2:1-41; 3:11-55; 3:64-4:4; 4:12-35; 5:10-15; 5:25-55; FIGS. 1-3<br>'935 Patent FH: Oct. 8, 2010 Appeal Br., Feb. 18, 2010 Response to Office Action; July 29, 2009 Response to Office Action |
|---|---|---|
| "means for receiving data packets"<br><br>*('935 Patent, claim 9)* | Subject to 35 USC 112 ¶ 6<br><br>**Function:** receiving data packets<br><br>**Structure:** an input and equivalents thereof<br><br>**Supporting Intrinsic Evidence**<br><br>'935 Patent at 2:61–3:20, 3:55–5:45. | Subject to 35 USC 112 ¶ 6<br><br>**Function:**<br>receiving data packets<br><br>**Structure:**<br>Multiplexing apparatus (300) having input (10) (e.g., a transceiver (310)) and input buffer (20)<br><br>**Intrinsic Evidence:** |

indefiniteness arguments, Philips believes that Quectel cannot prove indefiniteness by clear and convincing evidence for any claim term.  If Quectel seeks leave to file an early summary judgment motion or otherwise requests to raise these invalidity arguments and such request is granted, Philips will respond in accordance with the briefing schedule set by the Court.

| | | |
|---|---|---|
| | Figure 2.<br><br>2009.07.29 [App. No. 11/18,720] Office Action Response - '935 Patent pages 4–5.<br><br>Anything cited by Quectel. | '935 patent at 1:50-59; 2:31-41; 2:46-50; 2:61-3:5; 3:56-62; 5:25-46; FIGS. 2-4.<br><br>'935 Patent FH: Oct. 8, 2010 Appeal Br. |
| "means for transmitting the group" (*'935 Patent, claim 9*) | Subject to 35 USC 112 ¶ 6<br><br>**Function:** transmitting the group of data packets<br><br>**Structure:** an output and equivalents thereof<br><br>**Supporting Intrinsic Evidence**<br><br>'935 patent at 3:10–4:4, 2:61–3:26, 5:25–45.<br><br>Figures 2, 4.<br><br>2009.07.29 [App. No. 11/18,720] Office Action Response - '935 Patent pages 4–5.<br><br>Anything cited by Quectel. | means plus function term subject to Section 112 ¶ 6<br><br>**Function:**<br>transmitting the group<br><br>**Structure:**<br>transceiver (310) having an antenna<br><br>**Intrinsic Evidence:**<br><br>'935 patent at Abstract; 1:13-47; 1:50-67; 2:31-41; 2:46-50; 3:11-26; 3:64-4:4; 4:5-17; 5:25-46; FIGS. 2-4<br><br>'935 Patent FH: Oct. 8, 2010 Appeal Br. |

22

| | | |
|---|---|---|
| "transmitting the group" <br><br> *('935 Patent, claim 1)* | Plain and ordinary meaning, which is: "outputting the group" <br><br> **Supporting Intrinsic Evidence** <br><br> '935 Patent at 3:10–4:4, 4:28–33, 5:25-45 <br><br> Figures 2, 4. <br><br> Claims 17–18. <br><br> 2009.07.29 [App. No. 11/18,720] Office Action Response - '935 Patent pages 4–5. <br><br> Anything cited by Quectel. | "sending the group of data packets over a network via an antenna" <br><br> **Intrinsic Evidence:** <br> '935 patent at Abstract, 1:13-47; 1:50-67; 2:31-41; 2:46-50; 3:11-26; 3:64-4:4; 4:5-17; 5:25-46; FIGS. 2-4. <br> '935 Patent FH: Oct. 8, 2010 Appeal Br. |
| "rule" <br><br> *('935 Patent, claims 1–4, 9–12)* | Plain and ordinary meaning / no construction necessary <br><br> **Supporting Intrinsic Evidence** <br><br> '935 Patent at Abstract, 1:50–2:41, 3:55–5:24. <br><br> Figure 3. <br><br> Claims 1–5, 9–13. | "a procedure for selecting data packets" <br><br> **Intrinsic Evidence:** <br> '935 patent at Abstract, 1:50-67; 2:1-41; Fig. 3 |

| | Anything cited by Quectel. | |
|---|---|---|
| "priority"/ "assigned priorities" (*'935 Patent, claims 1-4, 9-12*) | Plain and ordinary meaning, which is: "a category of data"<br><br>**Supporting Intrinsic Evidence**<br><br>'935 Patent at 2:1–45, 3:5–26, 3:56–5:24.<br><br>Figure 2.<br><br>Anything cited by Quectel. | "a ranking given to a data packet relative to other data packets"<br><br>**Intrinsic Evidence:**<br>'935 patent at Abstract, 1:19-25; 1:34-45; 2:1-20; 3:1-11; 3:27-29; 3:30-45; 3:56-4:4; 4:18-25; 4:29-32; 4:49-59; 5:16-24; Figs. 2-4 |

## B.    '271 Patent

| '271 Patent | | |
|---|---|---|
| **Claim Term** | **Philips Proposed Construction and Supporting Intrinsic Evidence** | **Quectel Proposed Construction and Supporting Intrinsic Evidence** |
| "transmitting one or more first signals | Plain and ordinary meaning. | Indefinite[8] |

---

[8] Quectel understands that the Court does not hear argument regarding indefiniteness during the Markman hearing. Quectel is aware of the Court has ordered and/or permitted early briefing on indefiniteness issues in past cases and believes that is warranted here for certain terms. *See, e.g., Philips v. HP*, C.A. No. 20-cv-1241-CFC. The ITC found that this term was indefinite, which Philips did not appeal. Philips objects to Quectel addressing its numerous indefiniteness arguments to any degree on the schedule and within the briefing currently set for claim construction in these cases. While Quectel has not explained in any detail the bases for its indefiniteness arguments, Philips believes that Quectel cannot prove indefiniteness by clear and convincing evidence for any

| | | |
|---|---|---|
| (DPCCH, DPDCH) simultaneously"<br><br>*('271 Patent, claims 1 and 5)* | | |
| "transmitting simultaneously with the one or more first signals (DPCCH, DPDCH) an additional one of a second signal (ACK or NACK) . . . and a third signal (NACK or ACK)"<br><br>*('271 Patent, claims 1 and 5)* | Plain and ordinary meaning<br><br>Anything cited by Quectel. | "transmitting either a second signal (ACK or NACK) or a third signal (NACK or ACK) at the same time as one or more first signals (DPCCH, DPDCH)"<br><br>**Intrinsic Evidence:**<br>'271 patent at Abstract; 1:15-18; 1:55-67; 2:1-13; 2:40-43; 3:50-52 |
| "second specified power level (PA or PN)" | Plain and ordinary meaning, which is "second set transmission power (PA or PN)"<br><br>**Supporting Intrinsic Evidence** | transmission power (PA or PN) assigned by the base station<br><br>**Intrinsic Evidence:**<br>'271 patent at Abstract; 3:46-49 |

claim term.  If Quectel seeks leave to file an early summary judgment motion or otherwise requests to raise these invalidity arguments and such request is granted, Philips will respond in accordance with the briefing schedule set by the Court.

| | | |
|---|---|---|
| *('271 Patent, claims 1 and 5)* | '271 Patent at Abstract, 1:43–54, 1:55–67, 2:1–13, 2:64–3:13, 3:18–35, 4:3–34, 4:34–67, 5:1–12.<br><br>Figures 4–5.<br><br>Claims 1, 5.<br><br>Anything cited by Quectel. | |
| "third specified power level (PN or PA)" *('271 Patent, claims 1 and 5)* | Plain and ordinary meaning, which is: "third set transmission power (PA or PN)"<br><br>**Supporting Intrinsic Evidence**<br><br>'271 Patent at Abstract, 1:43–54, 1:55–67, 2:1–13, 2:64–3:13, 3:18–35, 4:3–34, 4:34–67, 5:1–12.<br><br>Figures 3–5.<br><br>Claims 1, 5.<br><br>Anything cited by Quectel. | transmission power (PA or PN) assigned by the base station<br><br>**Intrinsic Evidence:**<br>'271 patent at Abstract; 3:46-49 |
| "specified maximum combined transmission power level (Pmax)" | Plain and ordinary meaning, which is: "set maximum combined transmission power level" | "upper limit of the allowed communication station (MS) transmission power assigned by the base station" |

| (*'271 Patent, claims 1, 5*) | **Supporting Intrinsic Evidence**<br><br>'271 Patent at 1:11–14, 1:40–42, 1:43–54, 1:55–67, 2:1–12, 3:18–35, 4:3–34, 4:34–44.<br><br>Figures 3–5.<br><br>Claims 1, 5.<br><br>Anything cited by Quectel. | **Intrinsic Evidence:**<br>'271 patent at Abstract; 1:11-14; 3:24-30; 4:35-44; 4:47-51 |
| "combined transmit power level" (*'271 Patent, claims 1, 5*) | Plain and ordinary meaning, which is "total transmit power level of the first signals or the first signals with the second or third signals"<br><br>**Supporting Intrinsic Evidence**<br><br>'271 Patent at Abstract, 1:43–54, 1:55–67, 2:1–13, 2:64–3:13, 4:3–11, 4:34–67, 5:1–12.<br><br>Figures 4–5.<br><br>Claims 1, 5.<br><br>Anything cited by Quectel. | "total power used to transmit the first signals with the third signal (NACK or ACK)"<br><br>**Intrinsic Evidence:**<br>'271 patent at 4:4-44, Fig. 4, Claim 1, Claim 5 |

27

| "transceiver means for transmitting one or more signals"<br><br>(*'271 Patent, claim 5*) | Philips proposes that the term is not subject to 35 USC 112 ¶ 6 because the structure is recited in the claim, and that the term should be given its plain and ordinary meaning.<br><br>If subject to 35 USC 112 ¶ 6, Philips has provided its proposal for the function and structure.<br><br>**Function:** transmitting and receiving signals<br><br>**Structure:** a transceiver and equivalents thereof<br><br>**Supporting Intrinsic Evidence**<br><br>'271 Patent at 1:43–54, 1:55–67, 2:1–13, 2:48–59, 2:64–3:13.<br><br>Figure 1.<br><br>Claims 5, 9.<br><br>Anything cited by Quectel. | means plus function term subject to Section 112 ¶ 6<br><br>**Function:**<br>(1) transmitting one or more first signals (DPCCH, DPDCH) simultaneously at a specified maximum combined transmit power level (Pmax), (2) receiving signals, and (3) in response to a received signal, transmitting simultaneously with the one or more first signals (DPCCH, DPDCH) an additional one of a second signal (ACK or NACK) and a third signal (NACK or ACK)<br><br>**Structure:**<br>a transceiver (38) and antenna (40), and equivalents thereof.<br><br>**Intrinsic Evidence:**<br>'271 patent at 3:3-5; FIG. 1 |

| | | |
|---|---|---|
| "control means" (*'271 Patent, claim 5*) | Philips proposes that the term is not subject to 35 USC 112 ¶ 6 because the structure is recited in the claim, and that the term should be given its plain and ordinary meaning.<br><br>If subject to 35 USC 112 ¶ 6, Philips has provided its proposal for the function and structure.<br><br>**Function:** controlling the transmitted power level<br><br>**Structure:** a power controller and equivalents thereof.<br><br>**Supporting Intrinsic Evidence**<br><br>'271 Patent at 1:7–10, 1:55–2:13, 2:34–4, 2:64–3:33, 5:20–23.<br><br>Figure 1.<br><br>Claims 5–6.<br><br>Anything cited by Quectel. | means plus function term subject to Section 112 ¶ 6<br><br>**Function:**<br>controlling the transmitted power level of the one or more first signals (DPCCH, DPDCH) and the additional signal (ACK, NACK), and in response to the received signal, reduce the transmit power of the one or more first signals (DPCCH, DPDCH) and to set the transmit power of the additional signal, if the additional signal is the second signal (ACK or NACK), to a respective second specified power level (PA or PN) and, if the additional signal is the third signal (NACK or ACK), to a respective third specified power level (PN or PA), wherein the second specified power level (PA or PN) exceeds the third specified power level (PN or PA), wherein the reduction in transmit power of the one or more first signals (DPCCH, DPDCH) corresponds to the second specified power level (PA or PA) irrespective of whether the additional signal is the second signal (ACK or NACK) or the third signal (NACK or ACK), such that when the additional signal is the third signal (NACK or ACK) |

29

| | | |
|---|---|---|
| | | the combined transmit power level is less than the specified maximum combined transmit power (Pmax)<br><br>**Structure:**<br>a power controller and equivalents thereof.<br><br>**Intrinsic Evidence:**<br>'271 patent at 2:64-3:3; FIG. 1 |