# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V.,

    Plaintiff,

    v.

QUECTEL WIRELESS SOLUTIONS
CO. LTD. and EAGLE
ELECTRONICS INC.,

    Defendant.

C.A. No. 20-cv-1707-CFC

## QUECTEL WIRELESS SOLUTIONS CO. LTD.'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Dated:  March 27, 2026

Warren K. Mabey, Jr. (No. 5775)
Martina Tyreus Hufnal (No. 4771)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
Tel: (302) 652-5070
Fax: (302) 652-0607
mabey@fr.com
hufnal@fr.com

*Attorneys for Defendant Quectel Wireless
Solutions Co. Ltd.*

# **TABLE OF CONTENTS**

I.   NATURE AND STAGE OF PROCEEDINGS ...................................1

II.  SUMMARY OF THE ARGUMENT ...............................................2

III. STATEMENT OF FACTS ...........................................................2

IV.  ARGUMENT.............................................................................3

    A.   Philips's Unfair Competition Claim (Count VII) Fails as a Matter of Law ..5

    B.   The Patent Act Preempts Philips's Claim of Unjust Enrichment (Count VIII) ........................................................................................8

V.   CONCLUSION ......................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agilent Techs., Inc. v. Kirkland,*
No. 3512, 2009 WL 119865 (Del. Ch. Jan. 20, 2009)............................................7

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...........................................................................................3, 4

*Barber v. Unum Life Ins. Co. of Am.,*
383 F.3d 134 (3d Cir. 2004) ...................................................................................4

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...........................................................................................3, 4

*In the matter of Certain UMTS and LTE Cellular Communication
Modules and Products Containing the Same,*
Investigation No. 337-TA-1240...............................................................................6

*Core Wireless Licensing S.A.R.L. v. Apple Inc.,*
No. 12-cv-100, 2015 WL 4775973 (E.D. Tex. Aug. 11, 2015) ..........................9

*DeBonaventura v. Nationwide Mut. Ins. Co.,*
419 A.2d 942 (Del. Ch. 1980) ................................................................................6

*Entropic Commc'ns, LLC v. Dish Network Corp.,*
No. 23-cv-1043, 2024 U.S. Dist. LEXIS 241476 (C.D. Cal. Apr.
22, 2024) ............................................................................................................9, 10

*HTC Corp. v. Telefonaktiebolaget LM Ericsson,*
No. 18-cv-00243, 2019 WL 126980 (E.D. Tex. Jan. 7, 2019) ............................3

*Int'l Bus. Machs. Corp. v. Comdisco, Inc.,*
1993 WL 259102 (Del. Super. Ct. June 30, 1993) ................................................5

*Kam-Almaz v. United States,*
682 F.3d 1364 (Fed. Cir. 2012) .............................................................................4

*Knova Software, Inc. v. Inquira, Inc.,*
No. 06-381, 2007 WL 1232186 (D. Del. Apr. 27, 2007) .....................................7

ii

*Koninklijke Philips N.V. v. Telit Wireless Solutions, Inc.*,
  Case No. 1:20-cv-1708, D.I. 1 (D. Del.)................................................................6

*Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*,
  Case No. 1:20-cv-1709, D.I. 1 (D. Del.)................................................................6

*Parker v. Learn Skills Corp.*,
  530 F. Supp. 2d 661 (D. Del. 2008)......................................................................5

*Tavory v. NTP, Inc.*,
  297 F. App'x 976 (Fed. Cir. 2008) ........................................................................5

*Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*,
  411 F.3d 1369 (Fed. Cir. 2005) .......................................................................5, 9

*Vichi v. Koninklijke Philips Elecs. N.V.*,
  62 A.3d 26 (Del. Ch. 2012) .............................................................................9, 10

*Xiamen Baby Pretty Prods. Co. v. Talbot's Pharms. Fam. Prods., LLC*,
  No. 21-cv-00409, 2022 WL 509336 (W.D. La. Feb. 18, 2022) ..........................9

**Statutes**

35 U.S.C. § 284 .....................................................................................................10

**Other Authorities**

Local Rule 7.1.3(a)(4) ...........................................................................................12

Quectel respectfully asks the Court to dismiss Counts VII and VIII of Philips's Second Amended Complaint—which recite claims of unfair competition and unjust enrichment—because each fail as a matter of law.

## I. NATURE AND STAGE OF PROCEEDINGS

Philips brought this action on December 17, 2020 alleging infringement of claims of the '216 patent, among other patents.  D.I. 1 ¶¶ 19, 56–68.  Quectel filed its Answer on May 14, 2021.  *See* D.I. 8.  Proceedings in this case were subsequently postponed pending parallel *inter partes* review (IPR) proceedings involving the patents at issue in this case, *see* D.I. 20 (Joint Status Report), and a parallel proceeding at the International Trade Commission, which involved other patents asserted by Philips against Quectel in another co-pending district court case.[1]  This case has now resumed, and fact discovery has concluded.  *See* D.I. 36.  Trial in this action is scheduled for December 2026.  *Id.*

Philips filed its Motion for Leave to Amend to assert its Second Amended Complaint on October 14, 2025.  D.I. 54.  The Court granted Philips's motion on March 5, 2026.  D.I. 199 at 198:11–12.  Quectel moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts VII and VIII of Philips's Second Amended Complaint.

---

[1] *In the matter of Certain UMTS and LTE Cellular Communication Modules and Products Containing the Same*, Inv. No. 337-TA-1240 (USITC) ("the ITC Case"); *Koninklijke Philips N.V. v. Quectel Wireless Sols. Co.*, No. 20-cv-1710 (D. Del.).

1

## II.    SUMMARY OF THE ARGUMENT

1.    Philips's claim for unfair competition (Count VII of the Second Amended Complaint) fails as a matter of law because Philips fails to allege the requiste wrongful interference. *Int'l Bus. Machs. Corp. v. Comdisco, Inc.*, 1993 WL 259102, at *21 (Del. Super. Ct. June 30, 1993). Actions alleged by Philips do not amount to fraud, misrepresentation, or other tortious conduct, and relate at most to Quectel's legitimate protection of its business interests. *Agilent Techs., Inc. v. Kirkland*, No. 3512, 2009 WL 119865, at *8–9 (Del. Ch. Jan. 20, 2009).

2.    Philips's claim for unjust enrichment (Count VIII of the Second Amended Complaint) is preempted by the Patent Act because it is based entirely on the belief that Quectel allegedly benefitted from its alleged use of the patented technology. *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1379, 1382 (Fed. Cir. 2005).

## III.    STATEMENT OF FACTS

Philips is asserting (allegedly) standard essential patents (SEPs) against Quectel. Second Am. Compl. ¶ 175. Philips signed European Telecommunications Standards Institute (ETSI) declarations agreeing that it will license these patents on Fair, Reasonable, and Non-Discriminatory (FRAND) terms and conditions. *Id.* ¶¶ 167, 172, 173, 186. In this case, Philips admitted that it is bound by its

2

declarations and ETSI's IPR policy to offer FRAND terms. *Id.* ¶¶ 167, 169, 170, 174.

Philips also admits that Quectel is a third-party beneficiary entitled to the benefits of Philips's FRAND agreement. *Id.* ¶¶ 167, 169, 170, 174. Quectel, as a third-party beneficiary of Philips's FRAND declarations, is not bound by any contractual duty to Philips. Instead, the only contracts pleaded by Philips are Philips's FRAND declarations to ETSI.[2] Second Am. Compl. ¶¶ 167, 171, 172, 186.

## IV.    ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level" and into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5. This requires that the complaint

---

[2]  Courts have recognized that prospective licensors of SEPs declared to ETSI are contractually obligated to offer licenses on FRAND terms. *See, e.g.*, *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 18-cv-00243, 2019 WL 126980, at *1 (E.D. Tex. Jan. 7, 2019) ("Ericsson has made a commitment to [ETSI] to license its SEPs on terms that are [FRAND] to companies that practice the standards. This commitment is embodied in ETSI's Intellectual Property Rights ('IPR') policy and forms a contract between Ericsson and ETSI, in which standards-implementers are third-party beneficiaries." (internal citations omitted)).

3

contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted).

Under the *Iqbal* two-part test, the Court must first separate legal conclusions from factual allegations. 556 U.S. at 678. The Court must then evaluate the remaining factual allegations to determine whether they state a plausible claim for relief. *Id.* at 679. This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "A court is not bound to accept as true a legal conclusion couched as a factual allegation." *Kam-Almaz v. United States*, 682 F.3d 1364, 1367-70 (Fed. Cir. 2012) (affirming dismissal where complaint failed to allege facts sufficient to assert a plausible claim for breach of an implied-in-fact contract) (quoting *Twombly*, 550 U.S. at 555) (cleaned up).

When federal law preempts a plaintiff's state law claims, the court must dismiss the state law claims for failure to state a claim pursuant to Rule 12(b)(6). *E.g.*, *Barber v. Unum Life Ins. Co. of Am.*, 383 F.3d 134, 136, 144 (3d Cir. 2004) (remanding with instructions to dismiss preempted state law claim under Rule 12(b)(6)). "In the absence of an incremental benefit conferred [over and above the benefit the public received], any attempt to obtain a patent-like royalty for the making, using, or selling of a product in the public domain under the rubric of state

4

unjust enrichment law is preempted." *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1379, 1382 (Fed. Cir. 2005); *Tavory v. NTP, Inc.*, 297 F. App'x 976, 982 (Fed. Cir. 2008) (affirming dismissal of unjust enrichment claim as preempted by federal patent law where claimant argued entitlement to shared profits of licenses of the patents-in-suit "due to his contribution to the conception of the invention claimed in those patents").

### A. Philips's Unfair Competition Claim (Count VII) Fails as a Matter of Law

Philips's unfair competition claim fails as a matter of law. A claim for unfair competition requires a reasonable expectancy of entering into a valid business relationship, with which the defendant wrongfully interferes, and thereby defeats the plaintiff's legitimate expectancy and causes plaintiff harm. *Parker v. Learn Skills Corp.*, 530 F. Supp. 2d 661, 680 (D. Del. 2008). "Only wrongful interferences will satisfy the tort, as some interferences are seen as justified or privileged under the aegis of competition. Unfair competition, which is not privileged, includes fraud, intimidation, or disparagement." *Int'l Bus. Machs. Corp. v. Comdisco, Inc.*, 1993 WL 259102, at *21 (Del. Super. Ct. June 30, 1993) (internal quotations and citations omitted).

At the outset, Quectel respectfully asks this Court to first take judicial notice of the ITC's findings—which Philips chose to not appeal—that Quectel and its competitors Thales and Telit did not infringe any claim of Philips's asserted patents.

5

*In the matter of Certain UMTS and LTE Cellular Communication Modules and Products Containing the Same*, Investigation No. 337-TA-1240, Final ID at 317-20 (Apr. 1, 2022). Specifically, Philips suggests that Quectel somehow interfered with Philips's attempts to license patents with Thales and Telit, but the **only** case that involved Quectel, Thales, and Telit was the ITC case where they fairly and lawfully protected their business (and proved that Philips's allegations were baseless). *Cf. DeBonaventura v. Nationwide Mut. Ins. Co.*, 419 A.2d 942, 947 (Del. Ch. 1980) (elements of a tortious interference claim "must be considered in light of a defendant's privilege to compete or protect [its] business interests in a fair and lawful manner"). Second, Quectel asks this Court to take judicial notice of the fact that claims of three other patents in Philips's portfolio were found to be unpatentable by the PTAB via IPRs filed by Quectel, and Philips separately asserted those patents against Thales and Telit. *See* D.I. 20; *see also Koninklijke Philips N.V. v. Telit Wireless Solutions, Inc.*, Case No. 1:20-cv-1708, D.I. 1 (D. Del.); *Koninklijke Philips N.V. v. Thales DIS AIS USA LLC*, Case No. 1:20-cv-1709, D.I. 1 (D. Del.). Philips can have no reasonable expectation of licensing those patents (which Philips handpicked from its portfolio), and Quectel was certainly justified in defending itself against Philips's baseless allegations.

What remains of Philips's unfair competition claim is largely preempted by the Patent Act. The majority of the conduct Philips has alleged is the purported

6

infringement of Philips's patents and Quectel's legitimate defenses against those allegations.  *See* Second Am. Compl. ¶ 179; *see id.* ¶¶ 180–82; *see also Knova Software, Inc. v. Inquira, Inc.*, No. 06-381, 2007 WL 1232186, at *3 (D. Del. Apr. 27, 2007) ("Plaintiffs' unfair competition claim is also preempted by federal patent law . . . .  Plaintiffs have not alleged any conduct in support of the state law claim beyond the acts alleged in support of their patent infringement claims.").

The remaining allegations of wrongful interference are all based on allegations of a breach of duty to negotiate in good faith:

> Quectel has engaged in acts consistent with the interests and direction of the Chinese military and itself that are intended to unfairly compete and harm Philips, ***including but not limited to failing to negotiate in good faith for a worldwide cellular SEP portfolio license*** and improperly interfering with Philips' prospective licensing of its SEP portfolio.

Second Am. Compl. ¶ 180 (emphasis added); *see id.* ¶ 179; *see also id.* ¶¶ 181–84. Philips alleges actions by Quectel such as delay and unsatisfactory negotiation proposals. *Id.* ¶ 179; *see id.* ¶ 174.  But these allegations are insufficient to plausibly allege wrongful interference by Quectel, especially when Quectel's actions have been confirmed by the ITC and PTAB.  *See Agilent Techs., Inc. v. Kirkland*, No. 3512, 2009 WL 119865, at *8–9 (Del. Ch. Jan. 20, 2009) (contrasting allegations of a party exercising its "legitimate right to compete," which failed to state a claim for unfair competition, with allegations of wrongful conduct such as "misrepresentations of fact," which sufficiently pled wrongful conduct); Second

7

Am. Compl. ¶¶ 177–84.  Philips has not alleged fraud, misrepresentation, or other tortious conduct.

Thus, Philips's claim of unfair competition fails as a matter of law and should be dismissed.

### B. The Patent Act Preempts Philips's Claim of Unjust Enrichment (Count VIII)

Philips's claim of unjust enrichment should be dismissed because it is preempted by the Patent Act.  Philips's unjust enrichment claim is entirely based on the alleged benefit that Quectel gained from the alleged use of Philips's intellectual property:

> 186.  As explained above, Quectel demanded and exercised the third-party benefit of Philips' FRAND declarations and compliance with ETSI's IPR Policy by engaging in "hold out" tactics such as *avoiding the payment of a FRAND royalty* through dilatory tactics, subterfuge, and bad faith negotiation.  Quectel has leveraged Philips' FRAND commitments while enriching itself with benefit of *implementing Philips worldwide SEP technology to empower its products without paying for a FRAND license while still using the technology*.
>
> 187.  *Quectel implemented Philips' cellular SEP portfolio into its products* to its great advantage in the marketplace knowing that its assertions to Philips that Philips must honor its FRAND commitment were just to delay and avoid accepting Philips' FRAND offers while seizing the unfair value and advantage of *using the technology on a worldwide basis* while not accepting Philips FRAND offers.  Quectel illicitly usurped unjust benefit in negotiation of the license by refusing to negotiate in good faith, by delaying, and by making manifestly unjust offers.

8

Second Am. Compl. ¶¶ 186–87 (emphasis added).[3]  And Philips's requested relief includes "restitution of the value of all unjustly retained benefits in an amount to be proven at trial." *Id.* ¶ 188.  Such relief, if proven, results in a "patent-like royalty for the making, using, or selling of a product in the public domain."  *See Ultra-Precision*, 411 F.3d at 1382.  Thus, Philips fatally pleads that Quectel's supposed "unjust enrichment" is nothing more than the beneficial use of the patented invention, rather than the required "incremental benefit over and above the benefit the public received."  *Id.* at 1379; *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 12-cv-100, 2015 WL 4775973, at *4 (E.D. Tex. Aug. 11, 2015) (dismissing unjust enrichment claim as preempted by the Patent Act because the claim was based on the benefit the defendant received for alleged use of patented technology without payment of a FRAND royalty); *Xiamen Baby Pretty Prods. Co. v. Talbot's Pharms. Fam. Prods., LLC*, No. 21-cv-00409, 2022 WL 509336, at *5 (W.D. La. Feb. 18, 2022) (dismissing unjust enrichment claim which, as pled, was preempted by federal patent law).  Because Philips's claim of unjust enrichment is entirely based on the

---

[3]  The parties do not dispute that the ETSI FRAND declarations referenced in Philips's unjust enrichment allegations are binding on Philips, to which Quectel is a third-party beneficiary. *See, e.g.*, Second Am. Compl. ¶ 167.  Because "there is no dispute about the existence or validity of the express contract," Philips should not be able to "plead alternative theories" of breach of duty to negotiate in good faith and a quasi-contract theory of unjust enrichment.  *Entropic Commc'ns, LLC v. Dish Network Corp.*, No. 23-cv-1043, 2024 U.S. Dist. LEXIS 241476, at *76–77 (C.D. Cal. Apr. 22, 2024); *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 59 (Del. Ch. 2012).

9

benefit Quectel allegedly received for use of the patented technology, as pleaded, it must be dismissed as a matter of law.  35 U.S.C.§ 284.  Moreover, Philips cannot succeed on its claim of unjust enrichment in light of its binding obligations of the ETSI IPR Policy.  The parties do not dispute that the ETSI FRAND declarations referenced in Philips' unjust enrichment allegations are binding contracts, to which Quectel is a third-party beneficiary.  *See, e.g.*, Second Am. Compl. 167.  Because "there is no dispute about the existence or validity of the express contract," Philips cannot "plead alternative theories" of quasi-contract relief (i.e., unjust enrichment) when a binding contract governs.  *Entropic Commc'ns*, 2024 U.S. Dist. LEXIS 241476, at *74–77; *Vichi,* 62 A.3d at 59.

## V.    CONCLUSION

For the foregoing reasons, Quectel respectfully requests that the Court dismiss with prejudice Counts VII and VIII of Philips's Second Amended Complaint (D.I. 201).

Dated:  March 27, 2026

**FISH & RICHARDSON P.C.**

By: *Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (No. 5775)
Martina Tyreus Hufnal (No. 4771)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899
Tel: (302) 652-5070
Fax: (302) 652-0607

10

mabey@fr.com
hufnal@fr.com

Thomas H. Reger II (pro hac vice)
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)
reger@fr.com

Lawrence T. Jarvis (pro hac vice)
Katherine Reardon (pro hac vice)
Fish & Richardson P.C.
1180 Peachtree Street NE
21st floor
Atlanta, GA 30309
(404) 892-5005
jarvis@fr.com
reardon@fr.com

Elizabeth G.H. Ranks (pro hac vice)
Fish & Richardson P.C.
One Marina Park Drive
Suite 1700
Boston, MA 02210
617-368-2175
ranks@fr.com

Bryan J. Cannon (pro hac vice)
Fish & Richardson P.C.
1000 Maine Avenue SW
Suite 1000
Washington, DC 20024
(202) 220-6859
cannon@fr.com

*Attorneys for Defendant Quectel Wireless Solutions Co. Ltd.*

11

## <u>WORD COUNT CERTIFICATION</u>

Pursuant to the Court's Standing Order Regarding Briefing in All Cases (Nov. 10, 2022) and Local Rule 7.1.3(a)(4), the undersigned counsel hereby certifies that the foregoing document contains 2,414 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the foregoing document. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

*Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (No. 5775)
