IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KONINKLIJKE PHILIPS N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-1707-CFC-CJB |
| | ) | |
| QUECTEL WIRELESS SOLUTIONS CO. LTD., and EAGLE ELECTRONICS INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| KONINKLIJKE PHILIPS N.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-1710-CFC |
| v. | ) | |
| | ) | |
| QUECTEL WIRELESS SOLUTIONS CO. LTD., CALAMP CORP., XIRGO TECHNOLOGIES, LLC, LAIRD CONNECTIVITY, INC., and EAGLE ELECTRONICS INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EAGLE WIRELESS HOLDINGS, INC. f/k/a
EAGLE ELECTRONICS INC.'S
<u>MOTION TO SEVER</u>**

Karen E. Keller (No. 4489)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
glynch@shawkeller.com
*Attorneys for Defendant Eagle Wireless*
*Holdings, Inc. f/k/a Eagle Electronics Inc.*

Dated: April 10, 2026

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION.................................................................................1

II.  BACKGROUND..................................................................................1

III. EAGLE WAS IMPROPERLY JOINED AS A DEFENDANT.........................2

  A. Philips's Amended Complaints Fail to Satisfy the Heightened Joinder Standard Set by 35 U.S.C. § 299...........................................................2

    1. Eagle and Defendants Do Not Sell the Same Products ...................................3

    2. Philips's Allegations Against Eagle and Quectel Do Not Arise Out of "the Same Transaction, Occurrence, or Series of Transactions or Occurrences"................................................................................. 6

IV.  EAGLE IS SEVERELY PREJUDICED BY ITS JOINDER...........................8

V.   CONCLUSION ..................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carlson Pet Prods., Inc. v. Individuals*,
No. 1:25-cv-21998-WPD, 2025 WL 2830900 (S.D. Fla., Aug. 19, 2025) ........................................................................................................5

*Cozy Comfort Co. LLC v. Parties Identified on Schedule A*,
No. 23-cv-16563, 2024 WL 2722625 (N.D. Ill., May 28, 2024) ........................4

*In re EMC Corp.*,
677 F.3d 1351, 1360 (Fed. Cir. 2012) ..............................................................8

*Mednovus, Inc. v. Qinetiq Grp. PLC*,
No. 2:12-cv-03487-ODW(JCx), 2012 WL 12892427 (C.D. Cal., Oct. 1, 2012) ....................................................................................................2

*In re Nintendo Co., Ltd.*,
544 F. App'x 934 (Fed. Cir. 2013)................................................................3, 8

**Statutes**

35 U.S.C. § 299 ..................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 20 ................................................................................................10

Fed. R. Civ. P. 21 .........................................................................................3, 9, 11

## I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 21, this Court should sever Defendant Wireless Holdings, Inc. f/k/a Eagle Electronics, Inc. ("Eagle") from the above captioned cases because Eagle was improperly joined as a defendant under the heightened standard set by Section 299 of the America Invents Act ("AIA"): Eagle and Quectel are not related in any way, do not sell the same products, and the claims against them do not arise from the same transaction or series of transactions.  Eagle should also be severed because it faces severe prejudice if not severed from these cases.

## II.    BACKGROUND

Philips originally filed these cases in December of 2020.  C.A. No. 20-cv-1707-CFC ("1707") D.I. 1; C.A. No. 20-cv-1710-CFC ("1710") D.I. 1.  Following a multi-year stay pending an investigation by the International Trade Commission (to which Eagle was not a party), Philips sought to re-open the cases in March of 2025.  1707 D.I. 21; 1710 D.I. 27.  On February 10, 2026, this Court held a *Markman* Hearing on Philips's and Quectel's claim constructions.  1707 D.I. 179; 1710 D.I. 190.  Philips has been aware of Eagle since at least December of 2024 (*see* 1710 D.I. 78-5) but did not file its motion to amend and add Eagle as a defendant until October 14, 2025. 1707 D.I. 54; 1710 D.I. 78.  The Court granted the motion to amend by oral order on March 5, 2026 but noted that it was without prejudice to Eagle to move to sever for improper joinder.  1707 D.I. 199; 1710 D.I. 216.

1

Fact discovery closed in both cases the very next day, on March 6, 2026. 1707 D.I. 36; 1710 D.I. 63.

## III.    EAGLE WAS IMPROPERLY JOINED AS A DEFENDANT

Eagle was not properly joined as a defendant in these cases, and should be severed, at least because Philips's claims against Eagle and Quectel do not arise from the same transactions or series of transactions, and Eagle and Quectel do not sell the same accused products. Moreover, Eagle and Quectel are completely separate entities.

### A. Philips's Amended Complaints Fail to Satisfy the Heightened Joinder Standard Set by 35 U.S.C. § 299

Under 35 U.S.C. § 299 ("Section 299"), parties may be joined in one patent action as defendants or counterclaims defendants *only if*:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative **with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences** relating to the making, using, importing into the United States, offering for sale, or selling of **the same accused product or process**; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a) (emphasis added). Section 299 creates "a higher standard for joinder and prohibits joinder unless the claimed infringement by each defendant arises out of the same transactions relating to infringement of the patent-in-suit by *the same accused product*." *Mednovus, Inc. v. Qinetiq Grp. PLC*, No. 2:12-cv-

2

03487-ODW(JCx), 2012 WL 12892427, at *1 (C.D. Cal., Oct. 1, 2012) (emphasis added); *see also In re Nintendo Co., Ltd.*, 544 F. App'x 934, 938–39 (Fed. Cir. 2013).

Philips's allegations against Eagle and Quectel do not satisfy this heightened joinder standard. Philips's Amended Complaints do not allege that Quectel and Eagle operate in the same stream of commerce or sell the same products, instead providing only conclusory allegations that do not establish either that the accused Eagle and Quectel products are the same or that Philips's claims arise out of the "same transaction or occurrence" as required by Section 299. *See* 1707 D.I. 201 ("1707 Second Am. Compl.") ¶ 32–37; 1710 D.I. 218 ("1710 Third Am. Compl.") ¶ 54–65.[1]

### 1.    Eagle and Defendants Do Not Sell the Same Products

Eagle and Philips do not sell the same products, and Philips does not make such an allegation in its Amended Complaints. Philips accuses the following Eagle products of infringing: I491-NAXDGB, I491-NAX, I425-GLGD, I491-NAXD, I425-GLGA, I421-GLGD, I421-GLGA, I4915Q-NA, I4915Q-AF, I4916Q-GL, I490-M3, and I490-M1. 1707 Second Am. Compl. ¶ 37; 1710 Third Am. Compl. ¶ 64. The products Philips has accused Quectel of infringing are ***completely different***:

> EG25-G, EG91, EG91-xx, BG96, AG15, AG35, AG520R, AG550Q, BC65, BC66, BC66-NA, BC68, BC92, BC95-G, BG600L-M3, BG77, BG95, EC20, EC21, EC25, EG06, EG12, EG18, EG21-G, EG95,

---

[1] Philips also does not plead a joinder theory based on joint or several liability for its infringement claims. *See generally* 1707 D.I. 201; 1710 D.I. 218.

EM05, EM06, EM12-G, EP06, RG500Q, RM500Q-GL, SC20, SC200R, SC600T, SC600Y, SC66 and the like.

1710 Third Am. Compl. ¶ 55.  The Amended Complaints do not establish, or even allege, that Quectel and Eagle's products are the same, or manufactured by the same party.  *See* 1707 Second Am. Compl ¶ 30 ("Eagle . . . manufactures the IoT modules in Ohio" for "[c]ompanies in the U.S. that do not want to buy IoT modules from a Chinese company" like Quectel); 1710 Third Am. Compl. ¶ 52.  Conclusory allegations about Eagle purportedly using Quectel's "source code and software and manufacturing knowledge to manufacture modules corresponding to Quectel modules" are not sufficient to show the parties' products are the same.  1707 Second Am. Compl. ¶ 36; 1710 Third Am. Compl. ¶ 63.  Even if Phillips went a step further to allege that Quectel and Eagle's products were manufactured by *the same party*— which it does not—that still would not be enough to satisfy Section 299's requirements.  *Cozy Comfort Co. LLC v. Parties Identified on Schedule A*, No. 23-cv-16563, 2024 WL 2722625, at *9 (N.D. Ill., May 28, 2024) (holding allegations that the products "were manufactured by and come from a common source" insufficient under Section 299).

Philips's allegation that Eagle and Quectel modules both "employ the same Qualcomm chipset" does not show transactional or product overlap.  1707 Second Am. Compl ¶ 37; 1710 Third Am. Compl. ¶ 64.  The Qualcomm chipsets identified by Philips are widely used across the industry by numerous unrelated manufacturers.

For example, the MDM9207 Qualcomm chipset Philips identifies as being used in both Eagle and Quectel modules (1707 Second Am. Compl. ¶ 37) is used by over fifteen different manufacturers, including Telit, in over 115 different modules certified for use on AT&T's network. *See* 1707 D.I. 61-2 at 3–6. Similarly, the QCX216 Qualcomm chipset that Philips identifies in the 1710 Third Amended Complaint (¶ 65) is not only used by Eagle and Quectel, but seven other manufacturers (nine in total) across a total of 25 modules. *See* 1707 D.I. 61-3 at 9–10.

That Eagle and Quectel both use widely available and widely used chipsets supplied by a common component manufacturer does not establish that they sell the same accused product. *See Carlson Pet Prods., Inc. v. Individuals*, No. 1:25-cv-21998-WPD, 2025 WL 2830900, at *1 (S.D. Fla., Aug. 19, 2025) ("Furthermore, when analyzing the propriety of joinder in patent cases, simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20.") (internal quotation marks and citation omitted). And Eagle documents further support that Eagle's products are independently built, including software. *See, e.g.*, 1707 D.I. 63, Ex. I at KPNV0023908 ("Eagle Building Software Team: Independent software builds and security scanning; [i]ndependent release process and CI/CD pipeline; [s]oftware dedicated only for Eagle manufactured modules").

5

The fact that Eagle and Quectel do not sell the same products is underscored by the fact that the products Philips claims are "copycats" have ***different FCC Certifications***. *Compare* Ex. 1 (FCC certification granted on September 9, 2020 for Quectel LTE EG91-NAXD modules) *with* Ex. 2 (FCC certification granted on April 30, 2025 for Eagle I491-NAXD module).

Because Philips has failed to plead that the Quectel and Eagle products at issue are the same—and indeed are not the same—the Court should sever Eagle from these cases.

> ### 2. Philips's Allegations Against Eagle and Quectel Do Not Arise Out of "the Same Transaction, Occurrence, or Series of Transactions or Occurrences"

Philips's Amended Complaints also fail to allege that the patent infringement claims against Eagle and Quectel arise out of the same transaction, occurrence, or series of transactions or occurrences. The only purported connection Philips identifies is that Eagle allegedly uses "tech and source code" licensed from Quectel. 1707 Second Am. Compl. ¶ 36; 1710 Third Am. Compl ¶ 63. That allegation alone is not sufficient to establish that Eagle and Quectel have engaged in coordinated or overlapping acts of infringement.

Moreover, Philips itself admits in its Amended Complaints that Eagle and Quectel's products are manufactured and sold separately, to different customers, in different streams of commerce. *See* 1707 Second Am. Compl. ¶ 30; 1710 Third Am.

6

Compl. ¶ 52.  Philips makes no allegations that Eagle and Quectel's products are in the same stream of commerce, let alone part of the same transaction, occurrence, or series of transactions or occurrences.  Philips even explicitly states the *opposite*: "Companies in the U.S. that do not want to buy IoT modules from a Chinese company can buy them from Eagle, which manufactures IoT modules in Ohio, instead."  1707 Second Am. Compl. ¶ 30; 1710 Third Am. Compl. ¶ 52.

Eagle and Quectel are completely separate, unrelated corporate entities, with different headquarters and management teams (1707 Second Am. Compl. ¶¶ 2, 3; 1710 Third Am. Compl. ¶¶ 2, 6).  *See, e.g.*, 1707 D.I. 63, Ex. I at KPNV0023898 (demonstrating that "Eagle is 100% US-owned and has no shared ownership with Quectel").  This point is reinforced by an Eagle Account Executive contacting Philips on October 17, 2025, after Philips filed its Motion to Amend, to thank them for a meeting and provide information on Eagle's modules, which it promotes as a *replacement* for Quectel's.  1707 D.I. 63, Ex. 1.  Companies frequently demonstrate how their products are interchangeable with or compare to other products in the marketplace.  *See* 1707 D.I. 97, Ex. 4  (printout from Techship website, describing Telit product with "simple drop-in migration" with any xE910 module, https://techship.com/product/telit-le910c1-nfd-lte-cat-1-lga/?variant=001       (last visited Dec. 10, 2025)).  Comparing one's products with other offerings does not pull those products into the purview of Section 299.

7

Thus, Philips's Amended Complaints do not (and cannot) meet the heightened standard for joinder set by Section 299.  This Court should exercise its discretion under Fed. R. Civ. P. 21 and sever Eagle.

## IV.  EAGLE IS SEVERELY PREJUDICED BY ITS JOINDER

"Even if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants, joinder may still be refused in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *In re Nintendo*, 544 Fed. App'x at 939 (citing *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012)) (citation modified).  Thus, the mere fact that a defendant *can* be joined under Fed. R. Civ. P. 20 and Section 299 does not foreclose severance.  "If that were the appropriate test, there could never be misjoinder, and the applicable rules would be rendered meaningless." *In re Nintendo*, 544 Fed. App'x at 939.

Here, Eagle should be severed from the above captioned cases even if this Court finds the Section 299 standard to have been met.  *See* Fed. R. Civ. P. 21 ("[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").  As discussed above, Eagle and Quectel are completely separate entities. *See supra* § III.A.2.  Eagle has its own evidence to present on Philips's claims against it, but fact discovery in both cases closed on March 6, 2026.  1707 D.I. 36; 1710 D.I. 63. Claim construction has also

8

already occurred in these cases, with a *Markman* Hearing being held on February 10, 2026.  1707 D.I. 179; 1710 D.I. 190.  Eagle has not had the opportunity to meaningfully participate in discovery or claim construction.

By granting the present motion and severing Eagle from these cases, Philips is *not* prejudiced and can bring a new suit against Eagle (which was the proper vehicle for its claims from the outset).  Mar. 5, 2026 Hearing Tr. at 205:16-17 ("I mean, for starters, [Philips] could just file a new suit against Eagle, right?").  Moreover, this Court indicated during the March 5, 2026 hearing that Eagle could move to sever, as it does now.  *Id*. at 210:25–211:7 ("So I'm going to . . . grant the motion in part, deny in part.  I'm going to grant the motion by exercising my discretion and give Philips leave to file the proposed second amended complaint in the 1707 action and the proposed third amended complaint in the [1710] action but without prejudice for Eagle to challenge joinder, either by a motion to sever claims against it or to move for a separate trial.").

Due to the prejudice against Eagle, and because doing so is within its discretion, this Court should sever Eagle from these cases pursuant to Fed. R. Civ. P. 21.

9

## V.    CONCLUSION

For the foregoing reasons, Quectel respectfully requests that this Court exercise its discretion under Fed. R. Civ. P. 21 and sever Eagle from the above captioned actions.

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
glynch@shawkeller.com
*Attorneys for Defendant Eagle Wireless*
Dated: April 10, 2026    *Holdings, Inc. f/k/a Eagle Electronics Inc.*

10

## <u>WORD COUNT CERTIFICATION</u>

The undersigned counsel hereby certifies that the foregoing document contains 2,157 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the foregoing document. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

<div style="margin-left:40%">

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
glynch@shawkeller.com
*Attorneys for Defendant Eagle Wireless*
</div>

Dated: April 10, 2026                    *Holdings, Inc. f/k/a Eagle Electronics Inc.*

11