# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| KONINKLIJKE PHILIPS N.V.,<br><br>Plaintiff,<br><br>vs.<br><br>QUECTEL WIRELESS SOLUTIONS CO. LTD., and EAGLE ELECTRONICS, INC.<br><br>Defendants. | C.A. No. 20-cv-1707-CFC<br><br><br>**JURY TRIAL DEMANDED** |

## <u>KONINKLIJKE PHILIPS' ANSWERS TO QUECTEL'S COUNTERCLAIMS</u>

Plaintiff Koninklijke Philips ("Plaintiff" or "Philips") files this Answer to Quectel Wireless Solutions Co., Ltd.'s ("Defendant" or "Quectel") Counterclaims, beginning on page 52 of Quectel's Answer, Defenses, and Counterclaims to Philips's Second Amended Complaint (D.I. 218).

## <u>COUNTERCLAIMS</u>

1.    To the extent Paragraph 1 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 1.

## <u>THE PARTIES</u>

2.    Admitted.

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

3.     Admitted.

## JURISDICTION AND VENUE

4.     Philips admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. Philips further admits that this court has subject matter jurisdiction over Quectel's Counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Philips admits that an actual controversy exists. Philips denies any and all remaining allegations and characterizations in Paragraph 4.

5.     To the extent Paragraph 5 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips does not contest this Court's personal jurisdiction over Philips for the limited purposes of this action only. Further, to the extent an answer is required, Philips does not contest that venue is proper in this District for the limited purposes of this action only. Philips denies any and all remaining allegations and characterizations in Paragraph 5.

## FACTUAL BACKGROUND

### A. [ALLEGED] FRAND Obligations Arising From ETSI

6.     Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 6 of the Counterclaims and, therefore, denies them.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

7.      Philips admits that ETSI technical specifications are published and broadly available. For the remaining allegations, Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 7 of the Counterclaims and, therefore, denies them.

8.      Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 8 of the Counterclaims and, therefore, denies them.

9.      Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 9 of the Counterclaims and, therefore, denies them.

10.     Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 10 of the Counterclaims and, therefore, denies them.

11.     Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 11 of the Counterclaims and, therefore, denies them.

**B. Philips [ALLEGEDLY] Failed to Comply with its FRAND Obligations**

12.     Philips admits the allegations of Paragraph 12.

3

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

13.     Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 13 of the Counterclaims and, therefore, denies them.

14.     Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 14 of the Counterclaims and, therefore, denies them.

15.     Philips admits that, in relation to ETSI and its membership in ETSI, it is bound by the ETSI IPR Policy as modified, applied, or practiced by ETSI and its members over time. For the remaining allegations, Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 15 of the Counterclaims and, therefore, denies them.

16.     Philips admits that the published ETSI IPR Policy is set forth in Annex 6 of ETSI's Rules of Procedure, with such Policy having been modified, applied, or practiced in different ways by ETSI and its members over time. Philips admits that Quectel quotes from clauses 4.1 and 15 of the ETSI IPR Policy. For any remaining allegations, Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 16 of the Counterclaims and, therefore, denies them.

17.     Philips's Complaint speaks for itself. Philips denies any further characterization Quectel attributes to Philips's Complaint.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

18.   Philips denies the characterizations in Quectel's Paragraph 18.  Philips has undertaken in certain ETSI declarations that it is "prepared to grant, on the basis of full reciprocity, irrevocable licenses under the IPRs on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy, in respect of the STANDARD, to the extent that the IPRs remain ESSENTIAL," or that it is "prepared to grant irrevocable licences under this/these IPR(s) on terms and conditions which are in accordance with Clause 6.1 of the ETSI IPR Policy."

19.   Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 19 of the Counterclaims and, therefore, denies them.

20.   Philips denies the allegations of Paragraph 20.

21.   To the extent Paragraph 21 of the Counterclaims contains legal conclusions, no answer is required. Philips notes that findings of the International Trade Commission ("ITC") are not binding on this Court. Philips denies characterizations Quectel makes regarding those findings. To the extent any further answer is required, Philips denies the allegations of Paragraph 21.

22.   To the extent Paragraph 22 of the Counterclaims contains legal conclusions, no answer is required. Philips notes that Quectel is estopped from challenging the validity of patents whose patentability was affirmed by the PTAB, and including those further affirmed by the Court of Appeals for the Federal Circuit.

5

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Philips does not dispute that the '814 and '929 patents have been dismissed from this case. However, Philips denies any further characterizations Quectel makes regarding those patents. To the extent any further answer is required, Philips denies the allegations of Paragraph 22.

23. To the extent Paragraph 23 of the Counterclaims contains legal conclusions, no answer is required. Philips does not contest that the PTAB's decision has already once been vacated on appeal and that there is another appeal pending. However, Philips denies any further characterizations Quectel makes regarding those patents. To the extent any further answer is required, Philips denies the allegations of Paragraph 23.

24. Philips denies the allegations of Paragraph 24.

25. Philips admits that the named inventors of the Asserted Patents were Philips's employees and were representatives of Philips at certain 3GPP working groups, but the allegation is vague as to which particular working groups and which standards it is referring to and what Quectel means by being a representative when a standard is being "enacted." To the extent any further answer is required, Philips denies the allegations of Paragraph 25.

26. Philips denies the allegations of Paragraph 26.

27. Philips denies the allegations of Paragraph 27.

28. Philips denies the allegations of Paragraph 28.

6

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

29. Philips admits that certain inventors were actively involved in 3GPP working groups.  Because of the vagueness of the allegations, however, Philips lacks sufficient knowledge or information to admit or deny the allegations and characterizations contained in Paragraph 29 of the Counterclaims and, therefore, denies them.

30. Philips admits the allegations of Paragraph 30, although Quectel is vague as to the allegation by failing to state which patents and which standards it is referring to.

31. Philips denies the allegations of Paragraph 31.

32. Philips denies the allegations of Paragraph 32.

33. Philips denies the allegations of Paragraph 33.

34. Philips denies the allegations of Paragraph 34.

## <u>FIRST COUNT</u>
### <u>([ALLEGED] Breach of FRAND Contract and Other Misconduct)</u>

35. Philips incorporates by reference answers set forth in the foregoing paragraphs.

36. Philips denies the allegations of Paragraph 36.

37. Philips admits that the quoted language is from paragraph 16 of the Second Amended Complaint.  Otherwise, Philips denies the allegations of Paragraph 37.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

38.    Philips admits that the quoted language is from paragraph 18 of the Second Amended Complaint.  Philips also admits that the Asserted Patents are standard essential.  Otherwise, Philips denies the allegations of Paragraph 38, including because the paragraph is vague as to what is meant by "the 3GPP standard."

39.    Philips admits that Quectel is an intended third-party beneficiary with respect to certain clauses of the ETSI IPR Policy, but not with respect to other clauses of the ETSI IPR Policy, such as Clause 4.1.  Philips otherwise denies any remaining allegations of Paragraph 39.

40.    Philips denies the allegations of Paragraph 40.

41.    Philips denies the allegations of Paragraph 41.

42.    Philips denies the allegations of Paragraph 42.

43.    Philips denies the allegations of Paragraph 43.

44.    Philips denies the allegations of Paragraph 44.

45.    Philips admits that it has filed European patent cases against Quectel and others. Philips denies all remaining allegations and subjective characterizations remaining in Paragraph 45.

46.    Philips denies the allegations in Paragraph 46.

**SECOND COUNT**
**([ALLEGED] Breach of Obligation to Negotiate in Good Faith)**

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

47. Philips incorporates by reference answers set forth in the foregoing paragraphs.

48. Philips denies the allegations of Paragraph 48.

49. Philips denies the allegations of Paragraph 49. Philips's contractual commitment is set forth in its ETSI declarations.

50. Philips admits that the published ETSI's IPR Policy is set forth in Annex 6 of ETSI's Rules of Procedure, with such Policy having been modified, applied, or practiced in different ways by ETSI and its members over time. Philips admits that Quectel quotes from Clause 6.1 of the published ETSI IPR Policy. Philips denies any further characterization made by Quectel regarding the ETSI IPR Policy.

51. Philips does not dispute what is stated in Philips's Second Amended Complaint. Furthermore, Philips does not dispute that the Asserted Patents are standard essential. Quectel's characterization of "the 3GPP standard" is vague, however. Philips denies any further characterization made by Quectel regarding the Second Amended Complaint.

52. Philips admits that Quectel is an intended third-party beneficiary with respect to certain clauses of the ETSI IPR Policy, but not with respect to other clauses of the ETSI IPR Policy, such as Clause 4.1. Philips denies the remaining allegations of Paragraph 52.

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

53. Philips admits it filed European patent cases against Quectel and others in the UPC and it is asserting the '935 Patent in the 1710 Case. Philips denies the remaining allegations of Paragraph 53.

54. Philips denies the allegations of Paragraph 54.

55. Philips denies the allegations of Paragraph 55.

## THIRD COUNT
### (Declaration of [ALLEGED] Non-Infringement of U.S. Patent No. 9,178,577)

56. Philips incorporates by reference answers set forth in the foregoing paragraphs.

57. Philips denies the allegations of Paragraph 57. Philips filed a Complaint alleging patent infringement claims against Quectel in 2020, not 2022.

58. Philips denies the allegations of Paragraph 58.

59. To the extent Paragraph 59 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 59.

60. To the extent Paragraph 60 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 60.

## FOURTH COUNT
### (Declaration of [ALLEGED] Invalidity of U.S. Patent No. 9,178,577)

10

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

61.    Philips incorporates by reference answers set forth in the foregoing paragraphs.

62.    To the extent Paragraph 62 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 62.

63.    Philips denies the allegations of Paragraph 63.

64.    To the extent Paragraph 64 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 64.

## FIFTH COUNT
### (Declaration of [ALLEGED] Non-Infringement of U.S. Patent No. 9,635,599)

65.    Philips incorporates by reference answers set forth in the foregoing paragraphs.

66.    Philips denies the allegations of Paragraph 66. Philips filed a Complaint alleging patent infringement claims against Quectel in 2020, not 2022.

67.    Philips denies the allegations of Paragraph 67.

68.    To the extent Paragraph 68 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 68.

11

HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY

69.    To the extent Paragraph 69 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 69.

### SIXTH COUNT
### (Declaration of [ALLEGED] Invalidity of U.S. Patent No. 9,635,599)

70.    Philips incorporates by reference answers set forth in the foregoing paragraphs.

71.    To the extent Paragraph 71 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 71.

72.    Philips denies the allegations of Paragraph 72.

73.    To the extent Paragraph 73 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 73.

### SEVENTH COUNT
### (Declaration of [ALLEGED] Non-Infringement of U.S. Patent No. 7,089,028)

74.    Philips incorporates by reference answers set forth in the foregoing paragraphs.

75.    Philips denies the allegations of Paragraph 75. Philips filed a Complaint alleging patent infringement claims against Quectel in 2020, not 2022.

76.    Philips denies the allegations of Paragraph 76.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

77.    To the extent Paragraph 77 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 77.

78.    To the extent Paragraph 78 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 78.

## EIGHTH COUNT
### (Declaration of [ALLEGED] Invalidity of U.S. Patent No. 7,089,028)

79.    Philips incorporates by reference answers set forth in the foregoing paragraphs.

80.    To the extent Paragraph 80 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 80.

81.    Philips denies the allegations of Paragraph 81.

82.    To the extent Paragraph 82 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 82.

## NINTH COUNT
### (Declaration of [ALLEGED] Non-Infringement of U.S. Patent No. 8,195,216)

83.    Philips incorporates by reference answers set forth in the foregoing paragraphs.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

84.    Philips denies the allegations of Paragraph 84. Philips filed a Complaint alleging patent infringement claims against Quectel in 2020, not 2022.

85.    Philips denies the allegations of Paragraph 85.

86.    To the extent Paragraph 86 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 86.

87.    To the extent Paragraph 87 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 87.

## TENTH COUNT
### (Declaration of [ALLEGED] Invalidity of U.S. Patent No. 8,195,216)

88.    Philips incorporates by reference answers set forth in the foregoing paragraphs.

89.    To the extent Paragraph 89 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 89.

90.    Philips denies the allegations of Paragraph 90.

91.    To the extent Paragraph 91 of the Counterclaims contains legal conclusions, no answer is required. To the extent an answer is required, Philips denies the allegations of Paragraph 91.

## PRAYER FOR RELIEF

14

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Philips denies the underlying allegations of Quectel's Prayer for Relief against Philips, denies Quectel is entitled to any relief whatsoever, and requests that the Court deny all relief to Quectel. Philips further asks the Court to enter judgment in favor of Philips.

**HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY**

Of Counsel:

Eley O. Thompson
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
(312) 832-4359
ethompson@foley.com

Kevin M. Littman
Lucas I. Silva
Thomas M. Relyea
FOLEY & LARDNER LLP
111 Huntington Avenue
Suite 2500
Boston, MA 02199-7610
(617) 342-4000
klittman@foley.com
lsilva@foley.com
tom.relyea@foley.com

Alexis K. Juergens
Adam R. Aquino
FOLEY & LARDNER LLP
95 S. State Street
Suite 2500
Salt Lake City, UT 84111
(801) 401-8902
ajuergens@foley.com
aaquino@foley.com

Sarah E. Rieger
FOLEY & LARDNER LLP
777 E Wisconsin Ave,
Milwaukee, WI 53202
(414) 271-2400
srieger@foley.com


Dated: April 27, 2026

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ *Adam W. Poff*
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Parks Kingery (No. 7416)
1000 N. King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com
pkingery@ycst.com

*Attorneys for Plaintiff Koninklijke
Philips N.V.*

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 27, 2026, I caused the foregoing document to

be served via electronic mail upon the following counsel:

Warren K. Mabey, Jr.
Martina Tyreus Hufnal
FISH & RICHARDSON PC
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
mabey@fr.com
hufnal@fr.com

Thomas H. Reger II
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
reger@fr.com

Elizabeth G.H. Ranks
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
ranks@fr.com

Lawrence R. Jarvis
Katherine Reardon
Peter Hong
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st floor
Atlanta, GA 30309
jarvis@fr.com
reardon@fr.com
hong@fr.com

Mohammad Reza Kameli
FISH & RICHARDSON P.C.
7 Times Square, 20th Floor

Cortlan S. Hitch
Kenneth L. Dorsney
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
chitch@morrisjames.com
kdorsney@morrisjames.com

Kirk T. Bradley
Lauren N. Griffin
ALSTON & BIRD LLP
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
lauren.griffin@alston.com
kirk.bradley@alston.com

John C. Phillips, Jr.
Megan C. Haney
David A. Bilson
PHILLIPS, MCLAUGHLIN
& HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
jcp@pmhdelaw.com
mch@pmhdelaw.com
dab@pmhdelaw.com

J. Aron Carnahan
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
aron.carnahan@huschblackwell.com

New York, NY 10036
kameli@fr.com

Chad S.C. Stover
BARNES & THORNBURG LLP
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
chad.stover@btlaw.com

Eric J. Beste
655 W. Broadway, Suite 1300
San Diego, CA 92101
eric.beste@btlaw.com

Craig D. Leavell
One N. Wacker Drive, Suite 4400
Chicago, IL 60606
craig.leavell@btlaw.com

Glennon P. Fogarty
HUSCH BLACKWELL LLP
8001 Forsyth Boulevard, Suite 1500
St. Louis, MO 63105
glennon.fogarty@huschblackwell.com

Karen E. Keller
Virginia K. Lynch
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
kkeller@shawkeller.com
glynch@shawkeller.com

YOUNG CONAWAY STARGATT
   & TAYLOR, LLP

*/s/ Adam W. Poff*
Adam W. Poff (No. 3990)
Robert M. Vrana (No. 5666)
Parks L. Kingery (No. 7416)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
rvrana@ycst.com
pkingery@ycst.com

*Attorneys for Plaintiff*

2